In re the MARRIAGE OF Helen Lucille ABILD and Robert John Abild.

Upon the Petition of Helen Lucille Abild, Appellant,

and Concerning Robert John Abild, Appellee.

No. 3–58731.

Supreme Court of Iowa.

June 30, 1976.

Larson & Childs, Harlan, for appellant.

Richard G. Howard, and Harold G. De-Kay, Atlantic, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Petitioner Helen Lucille Abild appeals from the child custody and economic provi-

sions of the decree dissolving her marriage to respondent Robert John Abild. We modify and affirm the decree.

The parties were married on October 18, 1960. It was the second marriage for each of them. They had five children, ages 13, 12, 10, 7 and 4 at the time of trial. Helen was then 34 and Robert about 45. They lived in Cass County during the marriage.

Helen has a fifth grade education, has a learning disability, is unable to read very well, and has no vocational skill or training. She was a waitress for a short time and kept house for Robert before the marriage. During the marriage, she kept house, cared for the children, and occasionally raised hogs. She earned about $300 a month tending bar during part of the time the parties were separated before the dissolution. Robert held a civil engineering degree and had savings of about $10,000 when the parties were married. During the marriage, he worked as a civil engineer, conducted a construction business through a corporation called Abild, Inc., and planned to enter the mobile home sales business.

Robert reported an adjusted net income of about $36,000 in 1973 and about $21,500 in 1974. The trial court estimated his earning capacity from his work as an engineer as from $30,000 to $35,000 per year.

From our de novo review of the record, we find the parties had assets conservatively worth $125,000 at the time of trial. They included three parcels of real estate, business assets, stocks, savings, life insurance, household goods and cash. The home was located on five acres in Atlantic being purchased on contract. Robert's office building was located on a separate, slightly smaller parcel. The parties were purchasing about 20 acres of farm land on contract.

The trial court, in dissolving the marriage, awarded Robert custody of the children and all assets of the parties except the 20 acres of farm land which was awarded to Helen. In addition, the court ordered Robert to pay Helen $24,000 in installments of $200 per month.

Helen challenges the custody award and the property award.

I. *Custody.* No useful purpose would be served by lengthy recital of the evidence bearing on the custody issue. It showed the parties cared adequately for the children when they were together, but Helen did not care for them adequately after she took them from the home in May 1974, even though she received $250 per week in support during that period. The evidence showed Robert cared very well for the children from the time they were returned to him in April 1975 through the time of trial in June 1975.

The children have special needs. The four children of school age have experienced learning difficulties. Robert has shown more interest in this problem and more ability to cope with it than Helen.

Although both parents love the children, Robert has demonstrated he is more able and willing to make the sacrifices necessary to provide for their long range best interests. See *In re Marriage of Winter*, 223 N.W.2d 165 (Iowa 1974). We hold the trial court did not err in awarding custody of the children to him.

II. *The property award.* The unimproved 20 acres of farm land awarded to Helen had an estimated value of $28,000 but was given to her subject to a $5400 remaining indebtedness on the contract of purchase. She was also awarded the sum of $24,000, payable in $200 per month installments. She contends this division of property is inequitable.

Robert counters by denying the award is inequitable and by claiming Helen is barred from contending otherwise because she acquiesced in the property division provided in the decree. After Helen filed notice of appeal, she accepted the $200 monthly payments under the decree while the appeal was pending, totalling $1200 at the time Robert's brief was filed. She did not accept conveyance of the real estate awarded to her.

One who accepts material and substantial benefits under a judgment or de-

cree may not ordinarily challenge the provisions under which such benefits are awarded. *Jensen v. Jensen*, 260 Iowa 371, 379–380, 147 N.W.2d 612, 617 (1967); *Jackson v. Jackson*, 248 Iowa 1365, 1376, 85 N.W.2d 590, 597 (1957), overruled on other grounds, *Shipley v. Shipley*, 182 N.W.2d 125, 129 (Iowa 1970); *Leigh v. Leigh*, 247 Iowa 358, 365, 73 N.W.2d 727, 731 (1955); see *Miller v. Miller*, 202 N.W.2d 105, 107 (Iowa 1972); *Olson v. Olson*, 180 N.W.2d 427, 428 (Iowa 1970). However, this rule is subject to an exception. When an amount accepted under a judgment or decree is part of a sum admittedly due and does not cover the amount claimed, its acceptance does not alone constitute acquiescence in the provision of the judgment or decree under which the amount is awarded. *Eysink v. Board of Supervisors of Jasper County*, 229 Iowa 1240, 1248, 296 N.W. 376, 380 (1941), and citations; *Delbridge v. Sears*, 179 Iowa 526, 536, 160 N.W. 218, 222 (1916) ("An acceptance of a part of that which is legally due does not waive the right to insist upon the full amount.").

■ When an appellant accepts only that which the appellee concedes, or is bound to concede, to be due him under the judgment or decree, he is not barred from prosecution of an appeal which involves only his right to a further recovery. Acceptance of part of the award in such circumstances is not inconsistent with the appellant's claim that the award should have been larger. This principle is applicable when an appellant in a dissolution case where there is no cross-appeal accepts part of an award of cash, alimony or support while claiming entitlement to a larger award on appeal. *Tennyson v. Tennyson*, 263 A.2d 643, 645 (D.C.Ct. App.1970); *Walden v. Walden*, 486 S.W.2d 57, 59–60 (Ky.1972); *Hofer v. Hofer*, 244 Or. 88, 415 P.2d 753 (1966); *Carle v. Carle*, 149 Tex. 469, 472–473, 234 S.W.2d 1002, 1004–1005 (1950); Annot., 29 A.L.R.3d 1184, 1192–1193 et seq.

■ Here Robert did not cross-appeal. He does not question Helen's right to the amount awarded. The issue on appeal is whether the award should be increased.

Helen's right to receive the amount provided in the decree is thus uncontroverted; the issue is whether she should have more. Her acceptance of part of the cash award was not inconsistent with her claim she was entitled to a greater award. In these circumstances, we hold she did not acquiesce in the property award by accepting part of it while her appeal was pending.

In evaluating the merits of Helen's contention, we consider the fact she was not awarded periodic alimony. *In re Marriage of Zoellner*, 219 N.W.2d 517, 524 (Iowa 1974); *In re Marriage of Campbell*, 204 N.W.2d 638, 639 (Iowa 1973).

■ Having that fact in mind, as well as the relevant criteria from *Schantz v. Schantz*, 163 N.W.2d 398 (Iowa 1968), without the fault factor, *In re Marriage of Williams*, 199 N.W.2d 339 (Iowa 1972), we believe the award to Helen should be increased.

We modify the decree to require Robert rather than Helen to assume the indebtedness on the parcel of real estate awarded to Helen. We also modify the decree to increase the cash award to Helen to $36,000, with that amount still payable at the rate of $200 per month. Except as modified, the provisions of the decree are confirmed.

■ III. *Attorney fees.* Helen has filed an application requesting that Robert be ordered to pay her attorney fees for the appeal. An itemized statement shows the fee as $1262. We order Robert to pay that amount as well as costs.

MODIFIED AND AFFIRMED.