**P.A.A., Petitioner-Appellant,**

v.

**S.T.A., Respondent.**

No. 10595.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 6, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 28, 1979.

John Z. Williams, Williams & Smallwood, Rolla, for petitioner-appellant.

John D. Wiggins, Hoertel & Wiggins, Rolla, for respondent.

GREENE, Judge.

Appellant wife sought dissolution of the marriage between herself and respondent husband, custody of the two minor children of the parties, child support, division of the marital property, maintenance, and attorney fees. The trial court judgment dissolved the marriage, awarded wife custody of the children, awarded her $300 per month per child, or a total of $600 per month, as child support, awarded her $1300 as attorney fees, divided the marital property, and denied her maintenance. Wife appeals from the denial of maintenance.

The facts are as follows. The parties were married in 1967. Shortly thereafter, they moved to Kansas City, where the husband attended dental school. The wife, who has a Bachelor of Science degree in elementary education and a teacher's certificate, taught school in Kansas City during the four years the husband attended dental school. Her earnings were used to pay the living expenses of the parties during that period of time. His parents paid for his educational expenses. After the husband graduated from dental school, the parties moved to Rolla, Missouri, where he started a dental practice. The first child of the marriage, a girl, was born in 1971, and the second, a boy, was born in 1974. The parties lived in a duplex until March of 1972, at which time they bought a farm where they lived until their separation in April of 1976.

During their life on the farm, the wife went to sawmills to pick up fence posts, laid the posts in line across the field, helped put them up, cleaned horse stalls, delivered colts and lambs, kept records, did the house work, and took care of the two children. She had also worked as a receptionist and cleaning lady in her husband's dental office from June until September of 1971, at which time she stopped working in the office because of her first pregnancy. She did not work outside of the home after that time.

At time of trial, the husband was 33 years old and the wife was 32. The girl child was 5 years old and went to nursery school three mornings each week. The boy was to begin nursery school in the fall of 1978. Neither of the children had any special health problems. At time of trial, wife had no separate income or assets, other than temporary child support payments. She had moved into a trailer home with the children where their combined living expenses were $1086 per month. This figure included rent, utilities, food, transportation, medical care and related items. A fair view of the evidence is that at least that amount was necessary to maintain the children and to maintain their mother as their custodian. Since the child support award was for $600 per month, a deficit of $486 per month is evident in monthly living expenses. The evidence further showed that when the children reached school age, their expenses would increase and, if the wife purchased or leased a house as a home for the children, the combined living expenses for the children and their mother would be $1264 per month, which would leave a deficit, over child support, of $664 per month.

The evidence indicates that the husband had sufficient income to pay maintenance, if the trial court had seen fit to award it. The marital property awarded to the wife included household goods of the value of $5400, a 1973 Maverick of the value of $1,000 and $38,500 in cash. The trial court denied maintenance because of what it termed "disruptive" conduct of the wife during the marriage. The sole question is whether the trial court abused its discretion in denying maintenance. *In re Marriage of Galloway*, 547 S.W.2d 193, 195 (Mo.App. 1977). In such review, we must uphold the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or is based on erroneous declarations or applications of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The so-called "disruptive" conduct of the wife was as follows. At trial, the husband testified that his wife became cool, aloof, and unemotional after the birth of their first child. The husband talked of divorce or separation, but the wife did not want a divorce. Her emotional makeup continued to deteriorate. After the birth of the second child, her emotional condition got worse until she could not function normally. She had frequent anxiety attacks, felt that she could not drive an automobile unless he was with her, and could not do the family shopping without his help. At the suggestion of their family doctor, which suggestion was approved and encouraged by her husband, she sought psychiatric help.

The psychiatrist recommended therapy and saw her on a weekly basis. She developed feelings for her doctor and wanted to have sexual relations with him. There was no evidence of any actual sexual contact. The psychiatrist, at trial, denied any sexual liaison with the wife. He testified that her expression of sexual feelings for him did come up during therapy, which was normal in cases of this kind. The wife made a decision to separate from her husband and seek a dissolution of the marriage before therapy was concluded. On the other side of the coin, the husband admitted that sometime in May of 1976, shortly after the separation, he started dating a girl who became his dental assistant a month later. He had sexual intercourse with her in her home on many occasions, and had a telephone extension of his number installed in her home.

There was no evidence of sexual misconduct, or any evidence of other type of marital misconduct on the part of the wife, other than that outlined above. Emotional disturbances are common after childbirth, as are fantasies of a woman toward her doctor when she is undergoing mental therapy. While such episodes are no doubt disturbing to some extent to the marriage partner, they do not rise to the level of bad conduct which should result in the denial of maintenance. Maintenance should not be denied as punishment for conduct that is less than exemplary. *In re Marriage of*

*Carmack,* 550 S.W.2d 815, 820 (Mo.App. 1977); *In re Marriage of Powers,* 527 S.W.2d 949, 957 (Mo.App.1975).

The trial court abused its discretion in denying maintenance on the basis of marital misconduct on the part of the wife. In addition, such finding is not supported by substantial evidence and is against the weight of the evidence. The evidence is clear that the wife cannot support herself and the children without 1) consuming part of her marital property for living expenses and/or 2) obtaining employment outside of the home. A wife is not required to dispose of her assets or consume her part of the marital property for living expenses before she would be entitled to maintenance. *In re Marriage of Powers,* supra, at 955; *In re Marriage of Schulte,* 546 S.W.2d 41, 49 (Mo. App.1977).

The wife has the court-placed responsibility of caring for two children of tender years. Her place is in the home with the children. Her alleged earning capacity, under such circumstances, is an illusionary financial resource, at best, and is entitled to little, if any, weight by the trial court at this time. The circumstances (two children under five who need the love, care and guidance of their mother on a day-to-day basis during their formative years) make it appropriate that she not be required to seek employment outside of the home at this time in order to pay her expenses as custodian of the children. *In re Marriage of Vanet,* 544 S.W.2d 236, 243 (Mo.App.1976).

Since the record is complete as to the relevant factors enumerated in § 452.335.2, RSMo 1978, which factors are to be used as the standard to apply in determining the extent and duration of maintenance, it is our duty to enter the judgment that the trial court should have entered on the issue of maintenance. After consideration of all of those factors, including, but not limited to, the ability of the husband to pay, while at the same time meeting his own reasonable needs, it is our opinion that the husband should pay to the wife the sum of $400 per month as maintenance from the date of the trial court's judgment.

We recognize that in the future, the circumstances of the parties will probably change for better or for worse, in which event a motion to modify the awards for child support and maintenance would be appropriate, but based on present facts, as contained in the record, a reasonable award for maintenance is mandated.

That part of the trial court's judgment denying maintenance is reversed and the cause is remanded to the trial court with directions to enter judgment for maintenance in the amount of $400 per month, retroactive to December 15, 1976, which is the date of the original judgment of the trial court. The balance of the judgment of the trial court is affirmed.

All concur.