Elmer R. **HOPKINS**, Respondent,

v.

Norma J. **HOPKINS**, Appellant.

No. WD 32938.

Missouri Court of Appeals, Western District.

Aug. 31, 1982.

William C. Partin, Matt Partin, Kansas City, for appellant.

Don B. Roberson, Kansas City, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

This is the second appeal from a decree dissolving a marriage between the parties and dividing their property. The first appeal resulted in a remand for an evaluation and redivision of the marital assets. *Hopkins v. Hopkins,* 597 S.W.2d 702 (Mo.App. 1980). Pursuant to that mandate, the trial court held a further hearing and entered a new decree. The wife again appeals.

Her points on this appeal may be summarized as follows: (1) the stock of the closely held transportation corporation, awarded to the wife, was overvalued; (2) the Florida real estate, awarded to the wife, was overvalued; (3) the farm machinery, awarded to the husband, was undervalued; (4) the division of marital property placed an undue emphasis on the amount of the wife's separate property; and (5) the shares of marital property awarded to the respective parties was unfair to the wife and constituted an abuse of discretion.

## I.

The court placed a valuation on the stock of E. R. Hopkins Truck Line, Inc. at $103,000. The wife claims that the valuation should be $48,769 based upon expert testimony which she produced at the retrial. That expert testimony was given by an accountant, an attorney specialized in motor carrier representation, and a representative of a truck equipment manufacturer. On the basis of that composite testimony, the wife proposes to take the book value of the corporation as of the date of the divorce, substitute the fair market value of the equipment on that date for the book value of the same equipment, and add a valuation for the certificates of public convenience and necessity held by the corporation. The value of shareholders' equity so obtained, based upon the expert testimony, would come to $48,769.

However, at the initial trial, the uncontradicted testimony showed that at the time of incorporation in November 1978, these parties showed a balance sheet with a net value of between $100,000 and $110,000. The husband testified that the corporate stock was worth $150,000 less the amount of mortgage on the assets which would bring the net valuation down to a figure of $100,000 to $110,000. At that initial hearing, the wife agreed that such was a proper evaluation of the stock.

The trial court was entitled to disbelieve the expert testimony and to accept instead the valuation given by the parties in connection with the incorporation of the business and the identical evaluation to which they both adhered at the time of the first hearing. The trial court's judgment in this respect is controlling here. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

## II.

Prior to the marriage, the wife owned a two and one-half acre tract of land in Florida. During the marriage she conveyed this to joint names. The decree

awarded this tract of land to her as part of her share of the marital property, at an evaluation of $5,000.

At the first trial, the wife testified that she had purchased this tract for $2,955. When asked what she thought the value of it was at the time of trial, she answered: "Well, I would probably take five thousand for it." At the second trial, the wife stated that this tract had no value, and the husband testified likewise.

The court could have reasonably found that the property had to have some value. The only basis for placing any valuation on the property was the testimony given by the wife at the first hearing. It was within the trial court's prerogative to accept that initial testimony.

### III.

■ The court awarded to the husband as part of his share of the marital property farm machinery at a valuation of $10,200. At the first trial the husband testified that the equipment had a gross valuation of $15,100, subject to indebtedness of $4,901.75, leaving a rounded net value of $10,200. At that trial, the wife testified to a gross value of $20,350, which would leave a net value of $15,450.

At the conclusion of the first trial, a decree was entered in March 1979. Shortly thereafter, in April 1979, the husband sold most of the equipment in question for $21,-000 and he subsequently sold the remaining piece of equipment for $6,000, from which he had to pay an indebtedness against the equipment of $4,900. The sales therefore netted $22,100.

The proceeds of this actual sale, at a time in very close proximity to the valuation date, must control over the prior estimates of value by the parties. We are left with the firm conviction that the weight of the evidence shows that the valuation of this equipment should be $22,100, rather than the valuation of $10,200 placed upon it by the trial court.

■ In his brief, the husband argues that part of that farm machinery was his own separate property and should not have been included among the marital property. That argument challenges the court's finding that all of this equipment was in fact marital property. The husband did originally file an appeal in this case, and if he had perfected that appeal his present argument could be properly considered. However, his appeal has already been dismissed by order of this court for failure of the husband to file an appellant's brief. His challenge to the court's finding with respect to whether the farm machinery constituted marital property is therefore foreclosed.

Because of the erroneous evaluation of the farm machinery awarded to the husband, a modification of the court's decree will be required.

### IV.

■ With respect to the wife's complaint that the court placed undue emphasis upon her substantial ownership of separate property, that ownership is a factor which should be considered under Section 452.330–1(2) RSMo 1978. *Cain v. Cain,* 536 S.W.2d 866 (Mo.App.1976). The weight to be given that factor in comparison to the many other factors involved is primarily a matter for judgment by the trial court. We find no abuse of discretion here.

### V.

The wife's final point is mostly a summary of her prior points which have already been discussed. The division of property was largely a question of judgment and discretion by the trial court. We find no abuse of discretion in the present case.

The decree will be modified to compensate the wife for the erroneous evaluation of the farm machinery, discussed under Section III of this opinion. Under the division of property decreed by the court, the wife was to receive a total of $183,530, while the husband was to receive a total of $182,700, which makes a difference of $830 in favor of the wife. The farm machinery was undervalued by $11,900. From the latter figure there will be deducted $830, and the

remainder will be divided equally between the parties. By that calculation the wife is entitled to an additional $5,535. The decree is hereby amended by ordering the husband to pay the wife $5,535, that to be in addition to the property heretofore awarded to her under the decree of dissolution. As so amended, the decree is affirmed. Costs on appeal will be divided equally between the parties.

All concur.