David G. SCHNITKER, Respondent,

v.

Joy V. SCHNITKER, Appellant.

No. WD 33357.

Missouri Court of Appeals,
Western District.

Jan. 18, 1983.

Alden S. Lance, Savannah, for appellant.

Michael W. Manners, Independence, for respondent.

Before MANFORD, P.J., and WASSER-STROM and KENNEDY, JJ.

KENNEDY, Judge.

Wife appeals from a decree of dissolution, complaining of the unequal distribution of marital property and of the denial of main-tenance to her.

The judgment is affirmed.

Husband and wife were 42 years of age at trial time. They had been married since 1961 and had been separated for two years before the trial. They had two unemanci-pated children, 16 and 18 years of age re-spectively, who remained with the husband after the parties' separation and whose cus-tody was awarded to him.

Husband had two engineering degrees from the University of Kansas, had spent three years in military service, and after-wards had worked for Lockheed Aircraft Company in California. In 1976 the family moved to Andrew County, Missouri, where they were engaged in farming. In the farming operation husband was associated with his father and with his brother-in-law and sister. The farming operation was not profitable and after the separation of the parties husband moved to St. Louis with the children, and was employed by Emerson Electric at the time of the trial.

Wife had a degree in elementary educa-tion and had taught school during the first year of the marriage. She was not em-ployed after that.

The breakup of the parties came when the wife took up with another man, in a

relationship which became confessedly and openly adulterous.

■ The court made the following division of the marital property: The valuations are the court's, are not challenged by either party, and are supported by the evidence.

| Husband | | Wife | |
|---|---|---|---|
| Personal Property | $ 33,716 | Personal Property | $ 7,855 |
| Marital Real Estate | 245,000 | Cash Award | 30,000 |
| Liabilities assigned to husband for payment | (192,100) | | |
| Cash award to wife | ( 30,000) | | |
| Total | $ 56,616 | Total | $ 37,855 |

Wife's specific criticisms of this division are, first, that the husband was awarded a larger share of the property than she was. His assigned share was 60% of the total, hers 40%. Without a detailed comment on the evidence, however, we can confidently say that the trial court appears to have taken into consideration all the statutory factors bearing upon a proper division of marital property, § 452.330.1, RSMo (Supp. 1982). The division was well within the trial court's discretion. The husband was the primary breadwinner of the family for all but the first year of the marriage. He now has the sole care and support of the two teen-age children, without any required contribution from the wife. The wife was guilty of serious marital misconduct, while there is evidence only of minor misconduct on the husband's part. These considerations justify the court's distribution of marital property.

Continuing her attack on the decree, the wife says that the court had considered as marital debt a promissory note which should not have been so considered. This argument is based upon evidence of a $236,-000 promissory note to Travelers Indemnity Company. The sum of $132,842 of the proceeds of this loan was used to pay some debts of the husband's father. The wife correctly claims that only a portion of the proceeds of the loan were used in husband's farming operation. The court, however, actually treated only $70,290 of the unpaid balance of the debt as marital debt. This treatment is supported by husband's testimony, which was that he and his father had agreed that he and Joy would be responsible for the remainder.

There is no merit in the wife's attack upon the decree with respect to the division of marital property.

■ Wife next complains of the refusal of maintenance.

The court assigned as his reason for refusing maintenance the wife's marital misconduct and the husband's innocence of marital misconduct. The wife says she cannot be denied maintenance on that ground alone. She points to her 19 years as a faithful and dutiful housewife. She cites *In re Marriage of Carmack,* 550 S.W.2d 815, 820 (Mo.App.1977), where the Eastern District of this court reversed the denial of maintenance stating that "[t]he wife's misconduct is not sufficient grounds to deny her maintenance as punishment." See also *Royal v. Royal,* 617 S.W.2d 615, 618 (Mo. App.1981); *P.A.A. v. S.T.A.,* 592 S.W.2d 502, 504 (Mo.App.1979); *J.A.A. v. A.D.A.,* 581 S.W.2d 889, 897 (Mo.App.1979).

It is also true, however, that the misconduct of a spouse requesting maintenance may be considered, § 452.335.2(7), RSMo 1978. And there are in this case other factors than the wife's misconduct. The wife was 42 years old. She was in good health. She had taught school before 1963, and had substituted as an elementary school teacher in California during the parties' residence there. She would now have to take some courses and be recertified in order to resume teaching, if she chose to do that.

There is no evidence how long that would take or how much it would cost. During the separation of the parties she had worked at various unskilled jobs. As for the husband and his ability to pay, he had a monthly income of $2,255, but he had monthly expenses of $3,731. As noted before, he had the responsibility of supporting the children, while the wife was not required to make any child support contribution. And finally, she has $30,000 cash. It is true, as she points out to us, that she does not need to consume her marital property in order to be qualified for maintenance, *In re Marriage of Lindenfelser,* 596 S.W.2d 71, 72 (Mo.App.1980); *In re Marriage of Brewer,* 592 S.W.2d 529, 535 (Mo.App.1979), yet the availability of a cash fund of $30,000 may be considered by the trial court in the equation. If we find the court's denial of maintenance was supported by the evidence, we affirm the judgment though the reason assigned by the court might not justify the denial. *Gross v. Gross,* 557 S.W.2d 448, 453 (Mo.App.1977); *Godsy v. Godsy,* 504 S.W.2d 209, 211 (Mo.App.1973).

■ Husband has filed a motion for damages for frivolous appeal, Supreme Court Rule 84.19. The "frivolous appeal" standard is thus stated in *Branson v. Jordan,* 571 S.W.2d 707, 709 (Mo.App.1978):

A frivolous appeal is "one presenting no justiciable question and so readily recognizable as devoid of merit on face of record that there is little prospect that it can ever succeed." (Citation omitted.) To avoid the penalty "the questions raised on appeal must be at least fairly debatable."

*Hutchens Brothers, Inc. v. Brownsberger,* 624 S.W.2d 538, 541 (Mo.App.1981), says that an appeal to be frivolous must have been taken in bad faith.

■ We do not find that the present appeal offends against the standards enunciated in the above cases, and the motion for damages for frivolous appeal is denied. Cf. *Surber v. Surber,* 556 S.W.2d 54, 56–57 (Mo.App.1977).

The judgment is affirmed.

All concur.