**In Re the MARRIAGE OF Shirley Irene HONEYCUTT, Petitioner-Respondent,**

and

**Joseph Franklin Honeycutt, Respondent-Appellant.**

**No. 12610.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1983.

Devon F. Sherwood, Loren Honecker, Springfield, for respondent-appellant.

Robert C. Fields, Springfield, for petitioner-respondent.

MAUS, Presiding Judge.

The husband appeals from a judgment dissolving his marriage. The parties were married in Illinois on October 17, 1965. They were 21 years old. Their first son was

born on July 7, 1970 and the second son on August 11, 1976. In the early years of their marriage, the wife worked while the husband was obtaining two college degrees in Springfield. Their marriage included the husband's 45 months military service during which the wife accompanied him overseas. After his discharge, for a time the parties lived in California. In 1977 they returned to Springfield.

After their return the husband found employment with a former employer, Dayco Corporation. The parties separated in January 1981. The wife left with the two boys and found a residence in subsidized housing. During the marriage, the wife had worked at numerous jobs ranging from clerical to hospital emergency room work. She was not employed at the time of the separation. She decided to complete her education and obtain a university degree that would enable her to teach in a high school. With the aid of a part-time job and public assistance, she was pursuing her education at the time of trial on November 9, 1981. During the marriage, she had some emotional problems and serious physical problems, including a hysterectomy and back surgery. She related that at the time of the trial her health was much improved.

After taking the case under advisement, the experienced and able trial judge prepared a memorandum opinion. This memorandum opinion demonstrates his careful and thorough consideration of all the factors bearing upon the issues presented. By its judgment, the trial court dissolved the marriage; apportioned the meager marital property; placed the two boys in the custody of the wife with specified visitation for the husband; and awarded the wife child support of $150 per month per child and maintenance of $100 per month. The judgment also contained detailed provisions for visitation in the event the wife determined it was necessary for her to move to Illinois. This court must review that decision under the precepts of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

■ The husband first contends the evidence is insufficient to support the determination that the award of custody to the wife was in the best interests of the children. By her petition, the wife sought custody of the children. By his answer, the husband prayed that custody be awarded in their best interests. But little of the evidence focused on the issue of custody. The husband's testimony was limited to the statement that if the court saw fit to award custody of the children to him, he would be able to care for them. He added that his mother would help. The trial court noted the father had made minimal provision for their support during the nine months before trial. The mother did provide a home and care for them during that period, under difficult circumstances. There is no indication in the record that such custody would not serve their best interests. In response to a question concerning the wife's capability of caring for the children, the husband candidly answered, "I know my wife loves the children. I know that she takes care of them as far as trying to get—to meet their needs in that respect; yes." "There is a presumption in any award of custody that the trial court studied the evidence thoroughly and ordered that which was in the best interests of the child." *Fastnacht v. Fastnacht,* 616 S.W.2d 98, 100 (Mo.App. 1981). While their home life could have been more fully developed, under the circumstances the record contains substantial evidence to support the award of custody. *Fastnacht v. Fastnacht,* supra. See also *In re Marriage of Chilton,* 576 S.W.2d 584 (Mo. App.1979); *Rudloff v. Rudloff,* 533 S.W.2d 688 (Mo.App.1976).

■ The husband next asserts the trial court erred in awarding the wife maintenance of $100 per month. At the time of the trial, the husband's "take-home pay" was approximately $1157 per month. Accepting his estimate, his reasonable monthly expenses were $781 per month. The wife's part-time employment income and income from grants, not counting public assistance, totalled $250 per month. The other items of her income were subject to determination or substantial reduction. It seems the reasonable needs of the mother and two

children would equal or exceed $781 per month. Upon analysis, the figures in the record show that is true. "With respect to the allowance of maintenance . . . , that depends largely on the relative economic positions of the respective parties, with a broad discretion being accorded to the trial court." *N.J.W. v. W.E.W.*, 584 S.W.2d 148, 152 (Mo. App.1979). " 'To warrant reversal or revision on appeal, the amount of maintenance granted must be patently unwarranted or wholly beyond the means of the spouse thereby obligated to pay.' " *In re Marriage of Schafer*, 609 S.W.2d 198, 200 (Mo.App. 1980). The award of maintenance is supported by substantial evidence.

■ Finally, the husband contends the award of maintenance should have been for a limited period to terminate one month after her graduation. It may very well have been that the trial court considered the wife's earning potential as a teacher in fixing the limited maintenance at $100 per month. "The trial court had no evidence before it that the circumstances of the parties would be markedly different. . . ." *In re Marriage of Powers*, 527 S.W.2d 949, 955 (Mo.App.1975). "[T]he court should not speculate that . . . the wife's income could meet her living expenses and that the husband's income would no longer be sufficient to provide for his own needs while providing maintenance. Such a determination should be made in the future in a proceeding for modification of the award when the court would have evidence of any changed circumstances before it." *In re Marriage of Powers*, supra, at pp. 955–956. In any event, there was no evidence to reasonably establish the basis for that maintenance would cease one month after graduation. The award of maintenance for a limited period would have been erroneous. *In re Marriage of Powers*, supra. See also *Tygett v. Tygett*, 639 S.W.2d 282 (Mo.App. 1982); *Lewis v. Lewis*, 637 S.W.2d 207 (Mo. App.1982). It is mandatory that those dealing with such a question read and consider *Doerflinger v. Doerflinger*, 646 S.W.2d 798 (Mo.1983).

A further recitation of the evidence to dispose of the subsidiary arguments and characterizations advanced by the parties is not necessary. It would serve no purpose other than to help perpetuate rancor between the parties. That must be sublimated for the sake of the children. There is substantial evidence to support the judgment of the trial court, *Murphy v. Carron*, supra, and it is affirmed pursuant to Rule 84.16(b). The costs are taxed against the husband.

HOGAN and PREWITT, JJ., concur.