**In re the MARRIAGE OF Manuel W. RUNEZ and Evelyn V. Runez**

**Manuel W. RUNEZ,
Petitioner-Respondent,**

**v.**

**Evelyn V. RUNEZ,
Respondent-Appellant.**

**No. 12792.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 1983.

Motion for Rehearing Overruled and
to Transfer to Supreme Court Denied
Oct. 24, 1983.

Dan Hale, St. Joseph, for petitioner-respondent.

Ray A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for respondent-appellant.

PREWITT, Judge.

The wife appeals from a decree of dissolution, contending that her awards of maintenance of $300 per month for thirty-six months and child support of $200 per month per child were inadequate. She also claims that the trial court erred in excluding evidence that at the time of trial her husband was living with one of his female employees and in excluding evidence of the money he was spending on her. The trial court did not allow any evidence of the husband's conduct regarding the employee after the dissolution petition was filed.

We first discuss appellant's third contention. She contends that the conduct of the parties during the marriage was relevant and as the marriage did not end with the action being filed, the trial court should have heard evidence of respondent's misconduct to the time of trial. The trial court may have relied on the language in *McMillin v. McMillin*, 633 S.W.2d 223, 225 (Mo. App.1982), which states that "evidence of marital misconduct that occurred after the parties separated should not affect the distribution of property unless the misconduct imposed additional burdens or hardships on the other party."

■ Whether we agree with that statement we do not decide. We believe that respondent's "misconduct" as such is no longer relevant here as misconduct is not relevant to the portions of the decree under attack. The only contentions before us regarding the judgment are as to the amount of maintenance and child support and respondent's misconduct during the marriage is not relevant to either issue.

■ The amount of child support is to be determined "without regard to marital misconduct," § 452.340, RSMo 1978. Of course, the conduct of the parties during the marriage is relevant to the division of marital property, § 452.330.1(4), RSMo 1978, and the marital property awarded bears upon the amount of maintenance to

be awarded. *Poague v. Poague*, 579 S.W.2d 822, 824 (Mo.App.1979). See also, *In re Marriage of Galloway*, 547 S.W.2d 193, 196 (Mo.App.1977). However, the marital property here has now been divided and there is no contention that the division was improper.

■ Section 452.335.2, RSMo 1978, provides that the amount of maintenance shall be determined "after considering all relevant factors" including seven specified ones, the last one being the conduct during the marriage of a party seeking maintenance. The conduct of party paying maintenance is not listed. Had it been intended to be considered, the legislature would have listed the conduct of the parties as is done in dividing marital property rather than limiting the consideration to the conduct of the party seeking maintenance.

■ We do determine however, that at least a portion of the evidence offered here was relevant, not as misconduct but because it related to the "ability of the spouse from whom maintenance is sought to meet his needs [apparently financial] while meeting those of the spouse seeking maintenance". § 452.335.2(6), RSMo 1978. It also was related to the consideration of the amount of child support as it reflected "[t]he financial resources and needs [again apparently financial] of the noncustodial parent." § 452.340(6), RSMo 1978. The evidence was presented through the witnesses as an offer of proof and we consider it for these purposes. Rule 73.01(c)(3).

Before discussing the remaining two points, we summarize some of the relevant evidence. The parties were married on April 29, 1962, in Manilla, Republic of the Phillipines. At that time respondent was in medical school. At the time of trial they had lived in this county for 15 years. Appellant was 37 years of age and respondent 42. Five children were born to the marriage. Appellant was given custody of them. At the time of the trial they were 16, 15, 14, 12 and 10. The fourteen-year-old has scoliosis and sees a physician in Springfield every three months. The other children apparently have no serious health

problems. Appellant is a housewife and has not worked during the marriage. She has no marketable skills or work experience and after the separation appellant was hospitalized because she was "emotionally upset". The transcript indicates that she has some difficulty with the English language, at least as spoken in this area.

Respondent is a medical physician specializing in surgery. He was appellant's and the children's sole source of income. His adjusted gross income shown on the last three federal income tax returns which the parties filed prior to trial averaged $73,697 per year. After payment of federal taxes, there was an average of slightly over $55,000 left. Respondent also had a retirement fund and received other tax free benefits. Respondent listed his monthly expenses as $2,000. Appellant showed $4,504.89 for her and the children.

There was nothing in the record nor any contention that appellant's conduct has been other than essentially proper during the marriage, except when she tried to "pick a fight" with respondent and he said on one occasion she threatened him with a knife. The record reveals that respondent was guilty of numerous sexual indiscretions during the marriage. He did not know how many other women besides his current paramour he had sex with during the marriage because he didn't "keep records". These were "one-night stands" and he was "not involved" with the females. As earlier discussed, this conduct is not relevant to the issues presented here. After the parties' separation respondent moved in with one of his female employees and he was living with her and apparently supporting her at the time of trial.

We now discuss appellant's first point. She contends that the trial court erred in granting her only $300 per month maintenance and in having it terminate after 36 months. We agree. ·

■ Section 452.335, RSMo 1978, gives the trial court discretion in awarding maintenance, however, if an appellate court believes that the trial court has abused this discretion it is obligated to enter the judg-ment the trial court should have entered. *Tygett v. Tygett,* 639 S.W.2d 282, 285 (Mo. App.1982). Rule 84.14.

■ Of course, each case has to be determined on its facts. After reviewing the record and considering the relevant factors, including the matters required to be considered in § 452.335, RSMo 1978, we are convinced that the amount of maintenance was inadequate and that $1,000 per month would be the minimum that should have been awarded. Appellant had no income producing property, received none from the marital property, and there is no reasonable possibility that she will be able to earn any substantial sums in the near future. Respondent's income and expenses indicate he can pay this amount even with increased child support. Compare the maintenance awarded in *Bull v. Bull,* 634 S.W.2d 228 (Mo.App.1982); *In re Marriage of Sharp,* 630 S.W.2d 588 (Mo.App.1982); *In re Marriage of Pitluck,* 616 S.W.2d 861 (Mo.App. 1981); *In re Marriage of Deatherage,* 595 S.W.2d 36 (Mo.App.1980); *In re Marriage of Morris,* 588 S.W.2d 39 (Mo.App.1979); and *Tygett v. Tygett,* supra.

■ We also believe that the trial court erred in terminating the maintenance at the end of 36 months. In determining the wife's ability to support herself, the trial court can consider probable future prospects, but the evidence must justify the inference that the wife will realize such expectations. *Tygett v. Tygett,* supra, 639 S.W.2d at 285. Maintenance should not be conditioned on future happenings unless the evidence shows that the circumstances of the parties would likely change in the future. *In re Marriage of Wofford,* 589 S.W.2d 323, 327 (Mo.App.1979). There was no such evidence here and at least a fair inference that appellant's financial ability to support herself would not change. If there is no evidence of a party's future improvement in financial prospects, no decree of maintenance for a limited duration should be entered; it should be of unlimited duration, the amount of which might be subject to modification if the party's finan-

**434**

cial condition should improve. *Poague v. Poague,* supra, 579 S.W.2d at 824. See also, *In re Marriage of Cornell,* 550 S.W.2d 823, 828–829 (Mo.App.1977).

 We now consider appellant's second point. She contends that the amount of $200 per month per child was insufficient. There is no firm rule for arriving at the proper amount of child support. Each case rests on its own facts and lies within the discretion of the trial court whose award will be disturbed only upon abuse of discretion. *In re Marriage of Pine,* 625 S.W.2d 942, 945 (Mo.App.1981). The factors listed in § 452.340, RSMo 1978, to be considered in determining the amount of child support are not exclusive. Id. The duty of the court in setting the amount of child support is to determine the reasonable needs of the children and the reasonable ability of the father to meet those needs. Id.

 When we consider the relevant factors here, including those set forth in § 452.340, we believe a minimum of $300 per month per child should have been awarded. The record indicates no hardship on respondent in paying this amount. Appellant must feed, clothe and house the children, the marital home having been ordered sold, and must otherwise care for them. Whether she can do so at anything near the children's previous standard of living even at this amount is questionable.

The judgment is modified to increase the award of maintenance to appellant to $1,000 a month with no fixed termination date and to increase the amount of child support awarded appellant to $300 per month per child, and in all other respects is affirmed. The increased maintenance and child support as ordered here shall be effective and shall be payable from May 27, 1982, the date that judgment was entered in the trial court. *P.A.A. v. S.T.A.,* 592 S.W.2d 502, 505 (Mo.App.1979); *In re Marriage of Morris,* supra, 588 S.W.2d at 46. The costs of this appeal are taxed against respondent.

MAUS, P.J., and HOGAN, J., concur.