Edward J. SMITH, Jr.,
Petitioner-Respondent,

v.

Lois Anne SMITH,
Respondent-Appellant.

No. 13888.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 19, 1985.

Charles T. Rouse, Salem, for respondent-appellant.

Ralph J. Haslag, Thomas, Birdsong, Clayton & Haslag, J. Kent Robinson, Rolla, Mark Roberts, Steelman, Hearne & Hearne, Salem, for petitioner-respondent.

MAUS, Judge.

Upon the petition of the husband, the trial court dissolved a marriage of 10 years' duration. The custody of two children, ages 5 and 7, was awarded to the wife. The husband was granted six weeks' temporary custody during the summer and reasonable visitation. The wife, among other things, contends the trial court awarded inadequate child support, inadequate maintenance and made an unjust division of marital property.

The husband has filed a motion to dismiss the wife's appeal because she received $225.02 under a garnishment issued upon the judgment of dissolution. He relies upon the general rule that one may not proceed upon a judgment and attack it on appeal. *Knebel v. Knebel*, 189 S.W.2d 464 (Mo.App.1945).

However, "this rule has its exceptions." *Knebel v. Knebel*, supra, at 466. See Annot., Divorce Appeal—If Benefits Accepted, 29 A.L.R.3d 1179 (1970). Whether or not the acceptance of partial payment of a judgment constitutes an exception is to be decided on a case by case basis considering all relevant circumstances. Included in the factors which have been considered in finding such an acceptance to be an exception to the general rule are the following: The amount received was a small portion of the total judgment, *Block v. Block*, 593 S.W.2d 584 (Mo.App.1979); the amount accepted has effectively been conceded to be due by a husband who did not appeal, *In re Marriage of Abild*, 243 N.W.2d 541 (Iowa 1976); the acceptance of benefits was due

to financial distress, *Haggard v. Haggard,* 550 S.W.2d 374 (Tex.Civ.App.1977); the absence of prejudice to the judgment debtor husband, *In re Marriage of Abild,* supra; and where the only issue on appeal is whether an award will be increased, *Esposito v. Esposito,* 158 N.J.Super. 285, 385 A.2d 1266 (1978); *Anderson v. Anderson,* 72 Wis.2d 631, 242 N.W.2d 165 (1976). It has been observed "the general rule pertaining to acquiescence in judgments should not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved." *Gordon v. Gordon,* 218 Kan. 686, 545 P.2d 328, 333 (1976).

■ The instant execution and garnishment were issued in enforcement of that portion of the decree awarding $1,600 to the attorneys for the wife and the lump sum of $3,000 to the wife. The execution was requested by the wife's attorney. The record shows that $225.02 was paid under that garnishment to that attorney. The amount so paid is but a fraction of that portion of the judgment. The husband has not appealed. The briefs establish the issue on appeal is whether those portions of the judgment and other awards to the wife will be increased. Considering these circumstances, the receipt of the $225.02 by the wife falls within an exception to the general rule relied upon by the husband. The motion is denied.

A brief sketch of the facts necessary to the disposition of the issues follows. The parties were married April 28, 1973 in New Jersey. They lived there until the husband was transferred by his employer. The wife worked until the birth of their first child in 1976. She worked as a secretary to a congressman and as a real estate secretary for a law firm. After the birth of the first child, by mutual understanding, she did not work outside the home. At the time of the trial, the husband's salary was $2,655 per month. His net take home pay was $1,975 per month. He had investment income of $43 per month.

In June, 1982, the husband was transferred to the area of Salem. Soon thereafter,

the parties bought a home in Salem for $69,000. Payments on the mortgage were approximately $600 per month. The basement of the home leaked. At the time of the trial, the parties had an action for damages of $20,000 pending against the sellers. The potential recovery was not estimated apart from the equity in the property. The parties also had claims with their insurance company for damage to the home and to personal property resulting from water pipes that had burst.

At the time of the trial, the wife and children yet lived in the home. There was testimony the husband could make the necessary repairs to the home. There was an estimate for repair to the basement for $4,500. There was also testimony the house should be repaired and sold. However, the wife protested, "We need a roof over our heads." The house was awarded to the husband, with the wife permitted to live in it until October 16, 1984. The husband testified the wife could have the home if she wanted it.

After moving to Missouri, the husband maintained a relationship with a woman in New Jersey. The husband made six trips to New Jersey, only one with his family. He stipulated there was a sexual relationship with this woman. He said that relationship commenced in May, 1983, before the parties separated on November 28, 1983. The husband had given the woman a ring, but said he had no plans for marriage.

The trial court awarded the wife child support of $200 per month per child, excluding the six weeks' summer temporary custody of the father, and maintenance of $250 per month for 12 months commencing April 15, 1984. Items of personal property were set apart to each party as their separate property. The marital personal property was divided and each party ordered to pay certain debts. The wife was awarded a judgment of $3,000 upon an unspecified basis and for an unspecified purpose.

As stated, the home, which was marital property, was awarded to the husband. This award included the refrigerator, washer, dryer, drapes and bar stools. He was

also awarded all interests in the pending claim for damages and claims for insurance proceeds. As her share in the home and that personal property, the wife was awarded a judgment of $15,000, due April 16, 1985, to bear interest after that date at the legal rate.

■ The wife vigorously contends she was awarded an inadequate share of the marital property. The trial court did not find the values of many items of marital property. Significantly, this is true of the parties' claim for damages and claim for insurance proceeds. However, there are undisputed estimates of such values which are sufficient for consideration of such division. The cause need not be dismissed or remanded for a determination of such values. *Dardick v. Dardick*, 670 S.W.2d 865 (Mo. banc 1984).

Based upon the values found by the trial court and those estimates, the following is a summary of the division of the marital property made by the trial court.

| Wife | | Husband | |
|---|---|---|---|
| Jewelry | $ 2,480.00 | Jewelry | $ 1,455.00 |
| Household goods and personal effects | 5,347.00 | Household goods and personal effects | 3,937.00 |
| Automobile | 4,100.00 | Automobile | 2,500.00 |
| Hummel collection | 2,500.00 | *Model train collection | 2,500.00 |
| | | Investment assets | 15,948.93 |
| Judgment | 3,000.00 | Insurance claim | 12,000.00 |
| Judgment | 15,000.00 | Equity in home with | |
| | 32,427.00 | damage claim | 25,000.00 |
| | | Refrigerator, etc. | 700.00 |
| | | | 64,040.93 |
| Less debts | 2,800.00 | Less debts | 5,900.00 |
| | | Judgment | 3,000.00 |
| | | Judgment | 15,000.00 |
| | | | 23,900.00 |
| Total Award | 29,627.00 | | 40,140.93 |

* The husband's investment assets consist of the following:

| | |
|---|---|
| Shares of corporate stock | $3,400.00 |
| Savings plan | 1,046.07 |
| IRA | 1,300.00 |
| Pension plan | 3,550.00 |
| Cash withdrawals | 6,652.86 |

Marital property is to be divided "in such proportions as the court deems just after considering all relevant factors including" four designated or statutory factors. § 452.330.1. The action of the trial court is to be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court did not expressly cite any factor or factors upon which the foregoing division was based.

In regard to the first statutory factor, the evidence does not clearly establish the assets of each party at the time of the marriage which were used in the acquisition of marital property. The husband has worked. The wife worked and so contributed until the birth of the first child. By statute, her contribution as a homemaker is to be considered. § 452.330.1(1).

Also to be considered are the economic circumstances of each party, including the desirability of awarding the family home or the right to live in it for reasonable periods to the spouse having custody of the chil-

dren. § 452.330.1(3). The economic circumstances of the wife compel consideration favorable to her. She has custody of two small children. She and those children have become accustomed to a higher than average standard of living. Relatively she has an inadequate earning capacity. See e.g. *Dardick v. Dardick,* supra; *In re Marriage of Jadwin,* 671 S.W.2d 9 (Mo.App. 1984).

As noted, when questioned about the home, the wife said it should be fixed and perhaps eventually sold. But, she added she had no problems adjusting to Missouri and she and the children needed a roof over their heads. By her brief, she contends the home should have been awarded to her. Also, as stated, the husband testified that if she wanted the home, she could have it.

The court did expressly find, "[t]hat the Plaintiff is guilty of marital misconduct in that he has committed adultery, been verbally and physically abusive to the Defendant, verbally abusive to the minor children of the parties, has dissipated the marital assets to his own benefit and to the exclusion of the Defendant and the minor children of the parties and has consumed intoxicants to excess." Such misconduct bears heavily against the husband. The factor of misconduct has often been held to support a division of marital property substantially favoring the wife. See *Gray v. Gray,* 654 S.W.2d 309 (Mo.App.1983); *Fields v. Fields,* 643 S.W.2d 611 (Mo.App.1982); *In re Marriage of Kueber,* 599 S.W.2d 259 (Mo.App.1980).

The husband argues the division of the marital property was just because of the value of the separate property set apart to each party. See *In re Marriage of Wentink,* 132 Ill.App.3d 71, 87 Ill.Dec. 117, 476 N.E.2d 1109 (1984). While the trial court did not assign specific values to the separate property, the husband asserts the value of such property set apart to the wife was $42,690.00 and to the husband was $11,430.00. In this argument, the husband contends a dollar of separate property awarded to the wife is to be balanced against a dollar of marital property awarded to the husband.

Section 452.330.1(2) provides the value of the property set apart to each spouse shall be considered. It has been argued that this subsection refers only to the value of the marital property awarded to each spouse. For example, if the marital property vacation cabin is set apart to the husband and the marital property home is set apart to the wife, the value of each is to be considered in the distribution of the remaining marital property. However, the authorities generally state that the value of separate property set apart to each spouse is to be considered in determining a just division of the marital property. *Fields v. Fields,* supra; *Cain v. Cain,* 536 S.W.2d 866 (Mo.App.1976). It has been suggested that the value of such separate property to be considered be limited to the increase in the value of that separate property by the efforts of the other spouse and the use of the marital funds. *Stark v. Stark,* 539 S.W.2d 779 (Mo.App.1976). It has also been held the court should consider the value of separate property as reflected in the economic circumstances of the parties. *In re Marriage of Wentink,* supra. Other cases merely state that the value of such separate property is to be so considered, with no elaboration on the extent and manner of such consideration. *Ware v. Ware,* 647 S.W.2d 582 (Mo.App.1983); *Hopkins v. Hopkins,* 639 S.W.2d 249 (Mo.App.1982). No case has been cited or found that holds such consideration should extend to a dollar for dollar consideration in the division of the marital property. Such a treatment to a great degree would eliminate the reason for the distinction between separate property and marital property. In rejecting such an argument, it has been said, "respondent seeks to invade petitioner's non-marital estate under the guise of procuring an equitable distribution of marital assets...." *In re Marriage of Wentink,* supra, 87 Ill.Dec. 123, 476 N.E.2d at 1115.

■ Further discussion of this point is not necessary. The wife's separate property consists of jewelry, china, crystal, silver-

ware and Hummel plates. The nature and extent of that property is such that it is not to be weighed in the division of the parties' marital property. The same is true of the jewelry and model trains set apart to the husband as his separate property. See *In re Marriage of Wallace*, 315 N.W.2d 827 (Iowa App.1981).

■ Consideration of the relevant factors does not support the division of marital property made by the trial court. To the contrary, the evidence of such factors weighs heavily in favor of the wife. This court is firmly convinced the division made is against the weight of the evidence. The judgment should be modified to eliminate the $15,000 judgment in favor of the wife and to award to her the home, the refrigerator and related personal property, and all said claims for damage and insurance proceeds. *In re Marriage of Dusing*, 654 S.W.2d 938 (Mo.App.1983).

■ The wife next contends the award of $200 per month per child is inadequate. She testified that when she lived in the home with no expense for rent or the mortgage payment, $400 per month for their support was not sufficient. The husband's written estimate of their expenses was $260 per month, not including any allowance for housing. The trial court had determined $400 per month was reasonable for the children's temporary support when the wife had no mortgage payment or rent to pay. The award of $200 per month per child is not supported by the evidence. Further, with the exception of food, there is no evidence the wife's expense for the support of the children will be substantially decreased during the six weeks those children are in the temporary custody of the husband. When all relevant factors, including those listed in § 452.340, are considered, $250 per month per child for 12 months of the year is determined to be a reasonable amount for the children's support. See, *In re Marriage of Runez*, 666 S.W.2d 430 (Mo.App.1983).

The wife also contends the award of $250 per month for 12 months for maintenance was inadequate. The husband's estimate of his monthly expenses, including the mortgage payment was $1,176. The wife testified she needed $500 per month until suitably employed. As noted, she had worked as a secretary to a congressman and a real estate secretary for a law firm. Some months before the dissolution trial, she unsuccessfully sought acceptable employment in the Salem area. Nonetheless, the wife is a qualified person and in determining maintenance, her earning capacity must be considered.

■ The trial court did find, "the Defendant is in need of maintenance for herself in that she lacks sufficient property, including marital property to provide for her reasonable needs and is unable to support herself through appropriate employment or is the custodian of children whose conditions or circumstances make it inappropriate at the present time that she be required to seek employment outside the home." There was no finding assigned by the trial court as a basis for fixing her maintenance at $250 per month. Such an amount obviously was not sufficient to maintain her until she had readjusted by obtaining reasonable employment. It is logical to assume the award of the judgment for $3,000 was to provide for her maintenance during that period of readjustment and the award of $250 per month was to supplement her earnings. The award of $250 per month for maintenance will not be disturbed. The wife expressed some interest in becoming a beautician. She estimated it would take two to three years for her to do so. However, this expression was vague and in the nature of speculation, and obviously not the basis for the award of maintenance. There is no evidence of a basis for terminating that maintenance at the end of 12 months. See *Moseley v. Moseley*, 642 S.W.2d 953 (Mo.App.1982). That provision for automatic termination is to be eliminated. See, *In re Marriage of Honeycutt*, 649 S.W.2d 502 (Mo.App.1983) and *In re Marriage of Runez*, supra.

■ The case was initially tried on January 25, 1984. The decree was entered on

April 16, 1984. Thereafter, on the wife's application, that decree was set aside and the case was reopened for the sole purpose of hearing evidence concerning the value of the husband's employee benefits programs. Nevertheless, the wife contends the trial court erred in not permitting her at the second hearing to introduce evidence on other issues. It was within the power of the trial court to limit the issues upon the second hearing. Rule 78.01; *In re Marriage of Crossland,* 620 S.W.2d 40 (Mo.App.1981). There must be a degree of finality to the introduction of evidence in a dissolution proceeding. Nothing establishes the trial court abused its discretion in limiting the scope of the second hearing and the wife's contention is denied. Compare *Poague v. Poague,* 579 S.W.2d 822 (Mo.App.1979).

■ The trial court awarded each of the two attorneys who had represented the wife a judgment directly against the husband. Through her present counsel, the wife contends the trial court erred because it did not allow the full hourly charges billed by each attorney. "The court is an expert on the reasonableness of attorney's fees and may make its award based upon that expertise.... It is not bound by the number of hours of work performed by counsel or the hourly charges for that work made by the attorney." (citations omitted) *Raines v. Raines,* 583 S.W.2d 564, 568 (Mo.App.1979). There is no evidence to establish the trial court did not correctly determine the full reasonable value of such services. This point is denied.

■ The wife also contends the trial court erred in not expressly placing a restriction upon the husband's conduct while visiting the children. No evidence was introduced at the trial to establish the need of such a restriction. Her contention has no foundation. Further, her complaint about the unenforceability of the judgment has no merit.

The amended judgment entered by the trial court is modified in the following respects: The home, the refrigerator, washer, dryer, drapes and bar stools and all said claims for damage and insurance are awarded to the wife; the award of the home is subject to the debt secured by the mortgage thereon which the wife is ordered to pay; the judgment of $15,000 in favor of the wife is stricken; child support is increased from $200 per month to $250 per month per child for 12 months each year effective April 16, 1984; and the fixed termination date of the award of maintenance is also stricken. *In re Marriage of Runez,* supra; *P.A.A. v. S.T.A.,* 592 S.W.2d 502 (Mo.App.1979). As so modified, the judgment is affirmed.

PREWITT, C.J., concurs.

CROW, P.J., concurs in result and files concurring opinion.

FLANIGAN, J., concurs in result and in concurring opinion of CROW, P.J.

CROW, Presiding Judge.

I concur in the result and in everything said in the principal opinion except in two respects.

First, the principal opinion, as I read it, suggests that § 452.330.1(2), RSMo Cum. Supp.1983, may refer to the value of marital property awarded to each spouse. If that is the import of the principal opinion, I respectfully disagree. I believe it is manifest that "the property set apart to each spouse" referred to in § 452.330.1(2) is the separate, non-marital property of each spouse, identified as such by the trial court and set apart by the trial court to the appropriate owner-spouse. Once this is done, the trial court *then* divides the marital property between the spouses, taking into consideration all relevant factors including those itemized in subparagraphs (1) through (4) of § 452.330.1. One of those factors—subparagraph (2)—is the value of the separate property of each spouse set apart to such spouse. My view is supported by *Weast v. Weast,* 682 S.W.2d 86, 87[1] (Mo.App.1984), and *In re Marriage of MacBeth,* 622 S.W.2d 720, 723[3–5] (Mo. App.1981).

Second, the principal opinion, in mentioning the separate property set apart to the wife, states that "[t]he nature and extent of that property is such that it is not to be weighed in the division of the parties' marital property." The principal opinion states that the same is true of the separate property set apart to the husband. As indicated above, I am convinced that under § 452.330.1(2), the trial court, in dividing the marital property, is required to consider the value of the separate, non-marital property set apart to each spouse. I am satisfied, however, that taking such into consideration in the instant case, the division of marital property by the trial court, as modified by the principal opinion, is the proper division.