**In the Interest of C.B.K., A Minor.**

No. 14828.

Missouri Court of Appeals,
Southern District,
Division Two.

May 18, 1987.

H. Riley Bock, Portageville, for appellant.

King E. Sidwell, Sikeston, for respondents.

PREWITT, Presiding Judge.

The appellant is the natural father of C.B.K., a male child, now six years of age. Pursuant to a petition filed by the juvenile officer, the trial court entered judgment which terminated appellant's parental rights to the child "except that the natural father [appellant] shall have reasonable rights of visitation."

Summarized appellant's point on appeal states that the trial erred "in terminating appellant's parental rights" because there was not clear, cogent and convincing evidence to support that determination and because the trial court's findings were inadequate and were unsupported by the evidence.

Appellant was never married to the mother of the child, but they lived together in New Madrid County. Approximately four years ago, the child's mother was killed by a shotgun blast in the presence of the child. As a result of her death appellant was arrested for murder and has been incarcerated since then. He was convicted of second-degree murder and sentenced to twenty-five years' imprisonment. He is currently serving that sentence.

Although appellant's appointed counsel has diligently and competently represented him, the record reveals that the trial court's findings and determination were adequate and were supported by the evidence except for visitation by appellant. Whether such visitation can be proper we need not decide. Here, we see no basis for it. This court is obligated to modify the judgment so that it is the judgment the trial court should have entered. *In re Marriage of Runez*, 666 S.W.2d 430, 433 (Mo.App. 1983); Rule 84.14.

The court assumed jurisdiction over the child when his mother was killed and appellant arrested and placed in jail. Pursuant to § 211.447.2(1)(b), RSMo 1986, the trial court found that appellant, without good cause, had left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so.

The court found that appellant had made no effort and had exercised no regular visitation or other contact with the child, nor made any payment for the child's care. Although his communication with the child

might have been limited, apparently until a petition to terminate his parental rights was filed in December of 1984, he had not attempted to do so.

Because appellant has been convicted and sentenced, the trial court found that the child "will be deprived of a stable home for a period of years as a result thereof." See § 211.447.3(6), RSMo 1986. The trial court found that termination of appellant's parental rights would be in the best interest of the child. The evidence supported the trial court's findings regarding that termination.

The judgment is modified by deleting therefrom the language "except that the natural father shall have reasonable rights of visitation", and as so modified the judgment is affirmed.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.