**Willa J. ESTES, Appellant,**

v.

**Lloyd A. ESTES, Respondent.**

**WD 40819.**

Missouri Court of Appeals, Western District.

April 4, 1989.

Allan D. Seidel, Trenton, for appellant.

Douglas S. Roberts, Chillicothe, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

PER CURIAM:

This is an appeal from a dissolution action. Appellant, the wife, claims the trial court erred in granting her an insufficient award of maintenance, and in extending maintenance only for a limited period.

The judgment is affirmed, as modified.

The parties separated in June of 1987, following thirteen years of marriage. The couple had married relatively late in life, and it was the second marriage for them both. At the time of trial, appellant was 60 years old; the respondent husband was 67.

Prior to trial, the parties agreed upon a division of property. Pursuant to this agreement, appellant retained the real estate interests which she possessed prior to the marriage. Specifically, she retained her interest in a house and a one-bedroom trailer located on Cherry Street in Chillicothe, and she retained her interest in a house located on Walnut Street also in Chillicothe.

Before her marriage to respondent, appellant had conveyed all of the future interest in these properties to her two sons, and retained only a life estate for herself. She then used the Cherry Street properties as rental properties, receiving rental income of $1,800.00 to $1,900.00 during each of the three years preceding trial. She continued to use the Walnut Street property as her own residence.

In 1979, appellant and respondent rebuilt her home on Walnut Street. They took out a mortgage to finance the construction. Appellant, who now lives in that home alone, continues to pay off the mortgage at the rate of $331.50 per month. Appellant testified the mortgage payments would continue until March of 1994. She further testified that she was unable to sell either the Walnut or Cherry properties because she was unable to locate one of her sons who had a future interest in the properties. She stated that her son's whereabouts have been unknown for seven years.

Appellant testified that the sole tenant in her house on Cherry Street was about to move out, which meant the end of her rental income. She said she would try to get someone else to rent the house, once it was fixed up, but she also noted that the house and the trailer were in such a condition that it would take "several hundred or several thousand" dollars to make the properties ready for new tenants. She said the trailer, in particular, was in "pretty bad shape" and hadn't been rented in two years. Appellant estimated that, if the rental properties were fixed up, she might get as much as $350.00 in total rent from the trailer and the two apartments in the house, but she added that was by no means certain.

Appellant stated that, with the loss of her rental income, she had no income whatsoever. She also stated that she had no savings and only about $140.00 in her

checking account. She further stated that, at the age of 62, she would be eligible for Social Security payments of $300.00 per month, or if she waited until she was 65 to begin collecting her benefits, she would be eligible for monthly payments of $379.00.

Appellant also testified that her monthly expenses totalled $1,418.73. She said these monthly expenses included, in addition to her $331.50 mortgage payments, $120.00 in medical expenses and $60.00 for prescription drugs. However, appellant also acknowledged that, for the first 36 months following the dissolution of the marriage, she would remain covered by the medical insurance provided by respondent's former employer, subject to a $500.00 annual deductible.

When questioned about her physical ailments, appellant stated that she suffered from medical problems associated with rectal surgery, a hysterectomy, rectocele, cystocele, and a spastic colon. She stated that these medical problems require daily treatment and impede her mobility. Her chances of employment are negligible.

The respondent, testified that he received a monthly pension of $917.00 from his former employer, as well as monthly Social Security benefits of $611.00. In addition, he had recently inherited $38,000 from his mother. At the time of the hearing, respondent had purchased a new pickup truck with some of this money, and had put the remaining $24,000.00 in the bank, where it was earning $200.00 a month in interest. With this interest income added to his monthly pension and Social Security benefits, the respondent's total monthly income was about $1,700.00.

At the time of the hearing, respondent was living with his sister in Columbus, Georgia. However, he testified that he planned on getting his own apartment, and he estimated that such housing would cost him $400.00 a month in rent and $160.00 a month in utilities. Respondent claimed that, when these projected housing costs were added to his other monthly costs, his total monthly expenses were $1,291.00.

On cross-examination, respondent was questioned about some of the other expenses which he claimed on his Statement of Income and Expenses. When asked to identify an expense of $112.00 which was labelled "payments on installment contracts," respondent answered "I can't tell you now. I don't know." He thought it might represent the repayment of a $1,000 loan from his sister, but he acknowledged that he was "basically guessing." Respondent also claimed as an expense church and charitable contributions of $80.00, but acknowledged he had not made such a payment for several months.

Following the hearing, the trial court entered an order awarding appellant $300.00 a month in maintenance, with the payments to terminate on her 62nd birthday, the day she becomes eligible for Social Security. The court also awarded appellant $1,000.00 as partial attorney's fees.

The appellant contends on appeal that the monthly amount of $300.00 is too low, and that the duration of the award was improperly limited.

Review of this matter is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and a decree of dissolution will not be set aside unless it is against the weight of the evidence, there is no evidence to support it, or it erroneously declares or applies the law. *In re Marriage of Brewer*, 592 S.W.2d 529 (Mo.App. 1979). The award of maintenance is governed by § 452.335 RSMo 1986, which gives the trial court discretion in the determination of the maintenance award. *In re Marriage of Runez*, 666 S.W.2d 430, 433 (Mo.App.1983). However, if an appellate court believes that the trial court abused its discretion, it is obligated to enter the judgment the trial court should have entered. *Misdary v. Misdary*, 737 S.W.2d 476, 480 (Mo.App.1987).

██ No abuse of discretion occurred in granting appellant a maintenance award of only limited duration. Awards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial conditions of the parties, or at least some reasonable expectation that such a change will occur.

*Poague v. Poague*, 579 S.W.2d 822, 824 (Mo.App.1979). In that case at bar, the trial court had uncontroverted evidence that appellant would be eligible for monthly Social Security payments of $300.00 at the age of 62. Consequently, the trial court did not err in ordering her maintenance payments to terminate on her 62nd birthday.

The trial court did abuse its discretion in setting the amount of appellant's maintenance award at $300.00 per month. The respondent agreed in court the appellant should have $300.00 per month based on her needs. He agrees she should not have to exhaust assets in order to live. As noted in *Whitmore v. Whitmore*, 732 S.W. 2d 572, 573 (Mo.App.1987), the trial court must, in determining the amount of maintenance, balance the reasonable needs of the spouse seeking maintenance against the person's capacity to pay. In the case at bar, the trial court's award to appellant results in a monthly income that is still $1,100.00 less than her estimated monthly expenses. At the same time, respondent's monthly income is still $100.00 more than his estimated monthly expenses—even after the payment of maintenance to appellant. Given the wide disparity between appellant's income and expenses, combined with evidence of respondent's ability to pay an increased amount of maintenance in order to meet her needs, the trial court's award of $300.00 a month is inadequate. *Whitmore v. Whitmore, supra,* at 574. An increase of $100.00 a month in maintenance can be borne by the respondent. With the shortfall facing the appellant coupled with her health problems, it seems equitable for the respondent to forgo making charitable contributions for the duration of maintenance payments.

The judgment is modified to increase the award of maintenance to appellant to $400.00 a month. In all respects the judgment is affirmed. Costs are divided equally.