Judith Ann BURNS, Appellant,
Cross–Respondent,

v.

James Thomas BURNS, Respondent,
Cross–Appellant.

Nos. 59893, 59940.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1992.

Allan H. Zerman, Cary J. Mogerman, Clayton, for appellant, cross-respondent.

James Thomas Burns, pro se.

CRIST, Judge.

Wife appeals the trial court's award of limited, non-modifiable maintenance for thirty-six months. Husband cross-appeals, contesting the award of custody of the minor daughter to Wife, requesting the trial and appellate records be sealed, and requesting modification of the language of the divorce decree. We modify the judgment and affirm.

Husband and Wife were married in 1966. Four children were born of the marriage; two were emancipated by the time of trial, one was in college, and the youngest, the only daughter, was eleven.

Wife was employed full-time as a teacher in the late 1960's, but concluded her full-time teaching with the birth of their third child. She did some substitute teaching in 1976, and in 1989 and 1990 worked part-time for H & R Block preparing tax returns. Her employment at H & R Block earned her $1,000 in 1989 and $2,300 in 1990. Wife was also temporarily employed part-time by an attorney to prepare tax returns. She has not held a full-time job since 1970.

At trial, Wife testified that she needed surgery for a total hip replacement because of osteoarthritis. Her doctor testified at his deposition that Wife would be bedridden for a period of time, and that her activities would be limited for possibly as long as a year after surgery. He also testified that complications were possible, though unlikely. Wife testified that she was uncertain about her future plans because of the hip surgery.

The trial judge entered the divorce decree and his findings of fact and conclusions of law on January 9, 1991. The court ordered, among other things, that husband pay maintenance to Wife in the amount of $1,500 per month for thirty-six months. The court stated that this award was non-modifiable. The court also granted custody of the daughter to Wife. These appeals followed.

■ Wife's only contention on appeal is that the trial court erred in limiting maintenance to a period of thirty-six months. Wife is correct. The trial court properly found that Wife was entitled to maintenance in that she lacked sufficient property to provide for her reasonable needs and was unable to be self-supporting immediately through appropriate employment. § 452.335, RSMo (Cum.Supp.1990).

■ However, a limited maintenance award must be based on evidence showing either an impending change in the recipient spouse's financial condition, or a reasonable likelihood that such a change will oc-

cur. *Clark v. Clark,* 801 S.W.2d 95, 97–98[2–4] (Mo.App.1990). We find the three-year limitation of the maintenance award to be unsupported by substantial evidence. The evidence indicated that Wife's financial prospects were, at best, uncertain. She had not worked full-time since 1970. The necessity of surgery renders her prospects even more uncertain, especially should complications arise. Speculation that Wife's future financial prospects would be sufficient to meet her needs is an abuse of discretion. *See May v. May,* 801 S.W.2d 728, 732[5] (Mo.App.1990). We therefore enter the order which should have been entered by the trial court. *Id.* Husband shall continue to pay Wife maintenance unless and until a proceeding for modification is brought and a change deemed appropriate under the statute. Rule 84.14.

■ Husband's initial claim on appeal is that the trial court erred in awarding legal and physical custody of the minor daughter to Wife. Husband asserts Wife does not have the best interests of the daughter in mind because she intends to move to another state, which would deny him meaningful contact with his daughter.

■ On appeal, the findings of the trial court as to custody will be upheld unless the court is convinced the welfare of the child requires that another disposition be made. *Crabtree v. Crabtree,* 802 S.W.2d 567, 569[1] (Mo.App.1991). Such an order will not be disturbed on appeal unless the reviewing court has the firm conviction that the trial court's judgment is incorrect. *Lovin v. Lovin,* 787 S.W.2d 865, 866[1] (Mo.App.1990).

Father's arguments do not show an absence of substantial evidence supporting the judgment. The trial court made detailed findings of fact on the issue of the daughter's best interests. Father does not dispute these findings of fact. Instead, he merely argues that the court reached the wrong conclusion. However, the trial court's findings and conclusion are amply supported by the record. Point denied.

■ Father's last two points on appeal, his request that the trial and appellate records be closed and his request to change the language of the decree, do not comply with Rule 84.04. Father's points do not present an issue of error of law; he cited no accurate authority, and he has no real claim as to why the complained-of issues are in error. However, we have reviewed his complaints and find them to be without merit. Points denied.

The judgment as to maintenance is modified to provide as follows: It is ordered, adjudged, and decreed by the Court that Husband shall pay to Wife the sum of One Thousand Five Hundred and no/100 ($1,500.00) per month as and for maintenance. Said maintenance shall commence on January 1, 1991. Husband shall continue to pay Wife maintenance unless and until a proceeding for modification is brought and a change deemed appropriate under the statute, or the maintenance is otherwise terminated under the law.

The judgment as modified is affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.