**In re the Marriage of Connie SMITH, Appellant,**

*v.*

**Earl Dean SMITH, Respondent.**

**No. WD 45724.**

Missouri Court of Appeals, Western District.

Nov. 3, 1992.

Connie Smith appeals the trial court's decree dissolving her marriage to Earl Dean Smith because the trial court awarded her maintenance for only 24 months.[1] We remand the case for the trial court to set aside its order of maintenance and to enter in its stead an order for maintenance

---

1. Earl Dean Smith did not file a brief in this case. In a letter to this court, his attorney acknowledged, "[W]ith all candor with the Court, Respondent does not have any cases contrary to Appellant's position nor is there any record of testimony in opposition to Appellant's claim. I [see] no advantage in burdening the Court with any extraneous argument without merit, although I hope the court will remand this matter with directions."

enduring until a change deemed appropriate under § 452.370, RSMo Supp.1991, occurs.

The Smiths married on December 1, 1973, and separated after 17 years of marriage on December 12, 1990. No children were born during the marriage.

During the early portion of their marriage, Connie Smith worked in a factory and cleaned houses. During 1984, she quit work because she suffered degenerative arthritis in a hip. She was declared totally disabled and began receiving Social Security disability payments. At trial, she testified that she remained totally disabled and that she expected never to work again because of the arthritis.

At the time of the dissolution hearing, she was 49 years of age. Her income consisted of Social Security disability benefits of $392 per month, $70 per month in food stamps, and $21 net income per month on rental property. Her monthly expenses totaled $981.27, not including any expenses attributable to her residence, such as rent and utilities. Her net monthly deficit was more than $400.

Earl Dean Smith worked fulltime as a diesel mechanic and had a second, part-time job as a mechanic. His income during 1989 was approximately $21,000, and approximately $24,000 during 1990. The court assigned to him charge accounts with monthly payments totaling $421.25 and awarded him the residence which had a monthly mortgage obligation of $273.51. He testified that his only monthly living expenses at the time of the dissolution hearing was $600 for food and $150 for rent.

After hearing the evidence, the court valued the marital and non-marital property and attempted to make an equal division of the property according to its value by using proceeds from an insurance casualty loss to equalize any unequal valuation of properties received by the two parties.[2] The court found that Connie Smith "lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment for the reason that she is totally disabled and her only income consists of Social Security benefits[.]" The court ordered Earl Dean Smith to pay Connie Smith $200 per month maintenance for 24 months.

Connie Smith contends that the trial court should not have limited its maintenance award to 24 months. We agree.

■■■■ A trial court has much discretion in determining the amount and the duration of maintenance pursuant to § 452.335, RSMo Supp.1991. Our review is limited to whether the trial court has abused its discretion. *Hahn v. Hahn*, 739 S.W.2d 763, 764 (Mo.App.1987). "[A] decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial condition of the parties." *Burbes v. Burbes*, 739 S.W.2d 582, 584 (Mo.App.1987). Substantial evidence must exist supporting a reasonable expectation that such a change will occur. *Harper v. Harper*, 764 S.W.2d 480, 481 (Mo.App.1989); *Pemberton v. Pemberton*, 756 S.W.2d 660, 662 (Mo.App.1988). Maintenance should not be prospectively terminated unless the evidence indicates that the circumstances of the parties will be markedly different in the future. *Hefti v. Hefti*, 682 S.W.2d 65, 67 (Mo.App.1984). Because of the justification required for maintenance awards of limited duration, the judicial preference is for awards of maintenance of unlimited duration. *Beeman v. Beeman*, 816 S.W.2d 15, 17 (Mo.App.1991).

We found no evidence supporting a reasonable probability that Connie Smith could begin working again within two years. We found no evidence of any impending change or that Connie Smith's financial condition would be markedly different in two years. Maintenance awards cannot be based on mere speculation as to the future condition of the spouse. *Howard v. Howard*, 764 S.W.2d 169, 171 (Mo.App.1989).

---

**2.** Earl Dean Smith filed a motion to set aside the judgment for failure to divide all marital property. The court sustained the motion, and after further hearing, the court divided the additional properties between the Smiths which had not been considered earlier. However, the court entered a supplemental judgment which reaffirmed the previous maintenance award.

**278**

Such speculation constitutes an abuse of discretion. *Burbes,* 739 S.W.2d at 584.

We conclude that the trial court erred in awarding maintenance for only 24 months. We remand this case with instructions for the trial court to set aside its order of maintenance and to order instead that Earl Dean Smith pay $200 in maintenance until he asserts a request for modification and the court finds a change deemed appropriate under § 452.370, RSMo Supp.1991.

All concur.