**Norman G. HICKS, Respondent,**

v.

**Karen A. HICKS, Appellant.**

**Norman Gale HICKS, Appellant,**

v.

**Karen Adele HICKS, Respondent.**

**Nos. WD 46835, WD 46837.**

Missouri Court of Appeals,
Western District.

July 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

---

844

Michael P. Riley, Jefferson City, for respondent/appellant.

Gary Lee Stamper, Columbia, for appellant/respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

FENNER, Presiding Judge.

Appellant, Karen Adele Hicks, appeals the judgment of the trial court in the dissolution of her marriage from respondent, Norman Gale Hicks.

Karen and Norman Hicks had been married for fifteen years. There were no children born of their marriage and at the time of their dissolution Karen was 46 years of age and unemployed. Norman was employed by the Federal Highway Administration, earning $44,751 per year.

In her first point on appeal, Karen argues that the trial court erred in ordering the forced sale of certain marital real estate and life insurance policies. Karen argues that the trial court erred because the court did not make a finding that: (1) the real estate and life insurance policies could not be divided in kind; (2) the sale would be in the best interest of the parties; and (3) there was insufficient evidentiary foundation to support either such finding. In response to Karen's argument, Norman counters that Karen voluntarily accepted the benefits of the decree and, therefore, is precluded from appeal.

The real estate which Karen complains should not have been ordered sold consists of three tracts. Tract A was the marital residence prior to separation of the parties and was the residence of Karen at the time of trial. Tract A consisted of a house and 12 acres. The trial court found Tract A to have a fair market value of $105,000, subject to a lien in favor of Norman's parents in the amount of $50,376, leaving an approximate net equity of $54,624. Tract B consisted of a four bedroom rental house and 7 acres. Tract B produced a monthly rental income of $200. The trial court found Tract B to have a fair market value of $50,000 with no liens against it. Tract C consisted of 20 acres of undeveloped land adjacent to Tract A. The trial court found Tract C to have a fair market value of $20,000.

The life insurance policies which Karen complains should not have been ordered sold had a cash surrender value totalling $11,886.

## ACCEPTANCE OF BENEFIT OF DECREE

■ The general rule is that a litigant who has voluntarily and with knowledge of all the material facts accepted the benefits of a decree or judgment of a court cannot afterwards take or prosecute an appeal to reverse it. *In re Marriage of Tennant*, 769 S.W.2d 454, 455 (Mo.App.1989). The reason for the rule is that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against it—in other words, the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions, and the election to pursue one course must be deemed an abandonment of the other. *Id.* (citations omitted).

■ However, it has been held that the general rule in regard to acquiescence in judgments should not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved. *Smith v. Smith*, 702 S.W.2d 505, 507 (Mo.App.1985) (citation omitted). Whether or not the acceptance of partial payment of a judgment constitutes an exception is to be decided on a case by case basis considering all relevant circumstances. *Id.* at 506. Included in the factors which have been considered in finding such an acceptance to be an exception to the general rule are the following: (1) the amount received was a small portion of the total judgment; (2) the amount accepted has effectively been conceded to be due by a husband who did not appeal; (3) the acceptance of benefits was due to financial distress; (4) the absence of prejudice to the judgment debtor husband; and (5) where the only issue on appeal is whether an award will be increased. *Id.* at 506–07. (citations omitted).

■ In the case at bar, Karen purchased all of the real estate sold pursuant to court order for the sum of $170,000 which was the approximate fair market value as established by the trial court. In purchasing the real estate, Karen made no reservation of her right to appeal. The proceeds of the sale were divided between the parties and Norman executed quit claim deeds on all of the properties, which deeds were accepted by Karen.[1]

Applying the factors listed above, the purchase of the real estate by Karen was a significant portion of the judgment. Secondly, the fact that Karen was able to purchase the property in question is not indicative of financial distress on her part. Thirdly, Norman would be prejudiced by the judgment of the trial court being reversed after purchase and transfer of the property for its fair market value had been completed. Finally, Karen's appeal does not relate solely to a question of whether her award will be increased; rather, Karen challenges the court's authority to order sale of the property at all.

Under the circumstances presented in the case at bar, Karen has waived her right to challenge on appeal the court's order directing sale of the property which Karen has already purchased and accepted title upon. Likewise, having accepted the most significant aspect of this property division concerning the real estate, Karen is precluded from challenging the court's order in regard to the life insurance policies in question.

Karen's first point is denied.

### MAINTENANCE

In her second point, Karen argues that the trial court erred in limiting her maintenance award of $800 per month to a period of twelve months.[2]

---

1. The record reflects that Karen borrowed funds from her mother to purchase the real estate.

2. Norman argues everything but the merits of Karen's appeal. First, he argues that Karen failed to challenge her award of maintenance in a motion for new trial that Karen filed before the trial court. Norman argues that since Karen failed to argue maintenance in her motion for new trial, she is precluded from challenging maintenance on appeal. Norman's argument in this regard ignores the fact that under Rule 78.07 a motion for new trial is only necessary to preserve error in a jury tried case. This being a court tried case, Karen was not required to preserve error by way of a motion for new trial.

Before we address the merits of Karen's second point, we must address the question of whether she has waived her right to appeal all aspects of the judgment by virtue of her purchasing the property and accepting deeds therefore.

As stated above, the general rule is that a litigant who has voluntarily and with knowledge of all the material facts accepted the benefits of a decree or judgment of a court cannot afterwards take or prosecute an appeal to reverse it. *In re Marriage of Tennant,* 769 S.W.2d at 455. The reason for the rule is that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against it—in other words, the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions, and the election to pursue one course must be deemed an abandonment of the other. *Id.* (citations omitted).

■ However, the general rule in regard to acquiescence in judgments is not strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations applied. *Smith v. Smith,* 702 S.W.2d at 507. Whether or not partial acceptance in a dissolution action constitutes a waiver of the accepting party's right to appeal is decided on a case by case basis considering all relevant circumstances. *Id.* at 506.

■ In the case at bar, we do not believe that Karen should be found to have waived the right to appeal her maintenance award because of her purchase of the real estate and acceptance of the quit claim deeds. Given the length of the marriage of the parties, the marital income that was available during the marriage, the individual income and job prospects of the parties subsequent to the marriage, the significance of maintenance for a party who

claims not to be able to support herself, and the fact that Karen clearly could have chosen to appeal the maintenance award separately, we believe that the equities of this case entitle Karen to a review of her award of maintenance regardless of her acceptance of the property disposition as ordered by the trial court.

■ This being a court tried case, the trial court's decision regarding maintenance should be affirmed on appeal unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Section 452.335.1, RSMo Supp. 1992, sets forth the two part threshold test for any award of maintenance. The court should first consider whether the party requesting maintenance has sufficient property, including marital property divided during the dissolution proceedings, to provide for his or her reasonable needs. *Whitworth v. Whitworth,* 806 S.W.2d 145, 148 (Mo.App.1991). If the party requesting maintenance has insufficient property to meet his or her needs, the court then examines whether the party's reasonable needs can be met through appropriate employment. *Id.* Additionally, in determining a need for maintenance, a party is not required to expend marital property received in a dissolution proceeding to maintain an acceptable standard of living. *Johnson v. Johnson,* 819 S.W.2d 391, 393 (Mo.App. 1991).

■ The trial court has broad discretion in determining the amount and duration of maintenance to award in a dissolution action. *May v. May,* 801 S.W.2d 728, 731 (Mo.App.1990). Review on appeal is limited to a determination of whether the

Norman further argues that Karen's appeal is untimely because it was not filed within ten days of the ruling on her motion for new trial. Norman's argument is once again of no avail because the record does not reflect that Karen's motion for new trial was ever ruled upon by the trial court. Karen's appeal was timely filed.

Finally, Norman argues that the trial court erred in awarding Karen any maintenance because maintenance was not requested in her pleading at trial. Norman asks in his brief on appeal that the award of maintenance be reversed. Norman is the one who has failed to preserve this argument by not appealing from the award of maintenance to Karen.

trial court has abused its discretion. *Id.* A decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial condition of the parties. *Id.* At a minimum there must be substantial evidence to support a reasonable expectation that such a change will occur. *Id.* Maintenance should not be prospectively terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future. *Id.*

The record in the case at bar reflects that Norman was gainfully employed earning approximately $44,751 per year. The parties had moved frequently during their marriage because of Norman's employment. Karen was not employed outside of the home during the marriage in part because of the frequent moves of the parties and, additionally, because Norman did not wish for Karen to work outside the home.

Karen was unemployed at the time of the dissolution and unable to pay her bills. Karen suffered from numerous health problems, including severe osteoarthritis, and was unable to obtain health insurance on her own. She had undergone one total hip replacement and was in need of another hip replacement. Additionally, Karen had several recurrent gastric ulcers and a heart rhythm problem.

Karen had sought employment at numerous locations and was in contact with the job placement services available to her. Nonetheless, Karen had not been able to find employment and had no prospects for employment.

Based upon the evidence presented, we find that there was no evidence or reasonable expectation that the circumstances of the parties would be markedly different in the future. Therefore, the trial court abused its discretion by limiting the duration of Karen's maintenance award.

The judgment of the trial court limiting Karen's award of maintenance to a twelve month period is reversed. On remand, the trial court is directed to modify its decree to eliminate the limitation on the duration of Karen's award of maintenance. In all other respects, the judgment of the trial court is affirmed.

All concur.