**Clifford TEST, Respondent,**

v.

**Clevola TEST, Appellant.**

**No. WD 47636.**

Missouri Court of Appeals, Western District.

March 22, 1994.

622

Hurley D. Mahan, Clinton, for appellant.

James Kelso Journey, Clinton, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Wife appeals from portions of legal separation/dissolution decree which divided marital property and which awarded her maintenance.

## I. DISTRIBUTION OF MARITAL ASSETS AND DEBTS

Wife's complaint about the division of marital property is that the trial court awarded her too little. The trial court awarded wife $13,500, to be paid to her in a lump sum by husband, and a 1985 Ford Escort. To husband, it awarded the remaining marital property ($104,343) and placed upon him the duty to pay $62,606 in marital debts.

■ Our standard on appeal is to sustain the trial court's decree unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991), citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Wife claims, in her first point on appeal, that the trial court's intention was to award her an amount equal to one-half the $105,343 value of the marital property, as determined by the trial court, net of one-half the marital debts. That net figure was $41,436, one-half of which would be $20,718.

If the award of $13,500 was a clerical or a mathematical error, as wife contends, wife did not take the opportunity to bring the error to the attention of the trial court. The court announced that award from the bench on February 23, 1993, after hearing the evidence, and followed it on March 16, 1993 with a formal decree with findings of fact and conclusions of law. In the court's oral findings after hearing the evidence, it stated the marital estate netted $88,000, and the debts $61,000, and it would divide the $27,000 equally. Thus, the award to wife was $13,500.

■ True it is that, in its later formal findings of fact, the court found the valuations of various items of property which, added together, amounted to $105,343. Then at the end of the judgment, this paragraph: "Husband shall pay to wife the amount of $13,500 to equalize the distribution of marital assets." The trial court, after the evidentiary hearing and before the formal findings and judgment, may have reconsidered the value of the property and may have concluded it was worth more than it had earlier thought. Still it awarded $13,500 rather than a higher figure. We place no decisive importance on the court's use of the term "equalize" in its explanation of the $13,500 award; it did not necessarily use the term in its exact sense. Where a party has not drawn the trial court's attention to an alleged clerical or mathematical error, he or she must make a clear case such a mistake has been made, or of inequity, before we would undertake to correct the same. *See Hautly Cheese Co. v. Wine Brokers, Inc.*, 706 S.W.2d 920, 923 (Mo.App.1986). The trial court did not err in awarding wife $13,500.

■ In her second point on appeal, wife says the trial court, if it intended to award her $13,500, abused its discretion in failing to award her fifty percent of the marital assets. Section 452.330, RSMo Supp.1993, requires the court to divide marital property as it deems just after considering all relevant factors. It is of course not required that the court divide marital assets equally, but only equitably. *Mehra*, 819 S.W.2d at 357; *Sinclair v. Sinclair*, 837 S.W.2d 355, 359 (Mo.

App.1992); *Calia v. Calia,* 624 S.W.2d 870, 872 (Mo.App.1981).

■ We are unable to say the trial court's division was inequitable. The marital property awarded to husband was largely illiquid. A farm, a pension plan, and farm equipment were the largest items. The debts to be paid by him included a Farmers Home Administration debt of $51,617. The other debts appear to be short term obligations. The character of the assets awarded to each party is to be taken into account, as well as their value. *See Ottmann v. Ottmann,* 829 S.W.2d 644, 646 (Mo.App.1992). The judgment will add to husband's debt $13,500 payable to wife, plus $2,226.28, representing one-half her attorney's fee. He owed his own attorney $1,600 at the time of trial, and had earlier paid him $1,700.

We will not find the trial court abused its discretion in dividing the marital property as it did.

## II. MAINTENANCE

■ Wife argues, in her third point on appeal, that the trial court erred in limiting maintenance to a term of three years prospectively terminated if she were to obtain 20 hours per week employment at minimum wage or receive social security disability payments. Wife contends it was an abuse of discretion to limit maintenance to a term of three years since no evidence was presented at the hearing showing that in three years she would be in a better economic or physical condition. We agree and modify the term of the maintenance award.

■ The trial court has broad discretion in determining the amount and duration of maintenance to award in a dissolution action pursuant to section 452.335, RSMo Supp. 1993. *Hicks v. Hicks,* 859 S.W.2d 842, 846 (Mo.App.1993); *Smith v. Smith,* 840 S.W.2d 276, 277 (Mo.App.1992). The court in *Hicks* summarized the trial court's decision to limit maintenance as follows:

A decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial condition of the parties.... At a minimum there must be substantial evidence to sup-port a reasonable expectation that such a change will occur.... Maintenance should not be prospectively terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future.

*Hicks,* 859 S.W.2d at 847, citing *May v. May,* 801 S.W.2d 728, 731 (Mo.App.1990). *Accord Smith,* 840 S.W.2d at 277. "Because of the justification required for maintenance awards of limited duration, the judicial preference is for awards of maintenance of unlimited duration." *Smith,* 840 S.W.2d at 277.

Section 452.335.1 sets forth the two-prong approach the court must follow in granting maintenance. The trial court stated in its findings of fact and conclusions of law that wife is entitled to maintenance under the first prong because "she lacks sufficient property including marital property proportioned to her to provide for her reasonable needs." Section 452.335.1(1). That wife satisfies the second prong, inability to support oneself through appropriate employment, is implicit in the court's award of maintenance. Section 452.335.1(2). However, the court did state that it was unable to determine the extent of wife's employment disability. Relevant factors the court must take into consideration when determining the maintenance amount and duration are set forth in section 452.335.2. The trial court's findings, conclusions, and entry of judgment essentially tracked this section.

■ Wife correctly argues that no evidence of impending change in the financial condition of the parties was presented at trial justifying the trial court's decision to limit the maintenance award to three years. At the time of the trial, wife and husband were ages 51 and 50, respectively. Evidence and testimony was presented that wife held a business college degree in accounting, had a history during the marriage of sporadically working outside the home for short durations, had experienced and was then experiencing some physical limitations, was scheduled for a two-week evaluation regarding participation in a vocational rehabilitation program, and was hopeful that she could participate in this program and then complete a four year course of study to become a

CPA. However, by placing a three year limitation on the maintenance award, the court was merely speculating that her future financial prospects would be sufficient to meet her needs. "Maintenance awards cannot be based on mere speculation as to the future condition of the spouse." *Smith*, 840 S.W.2d at 277, citing *Howard v. Howard*, 764 S.W.2d 169, 171 (Mo.App.1989).

Husband cites *Bixler v. Bixler*, 810 S.W.2d 95, 99 (Mo.App.1991), for the proposition that the spouse receiving maintenance has an affirmative duty to seek employment. The court in *Bixler* held that an award of limited duration is proper if there is at least a reasonable expectation of impending change in the party's financial condition. *Id.* Further, the *Bixler* court held that the husband was not required to wait to request modification until it was a certainty that the wife would be self-sufficient. *Id.* at 99.

We found no evidence supporting a reasonable probability that wife could become self-sufficient by being employed outside the home within three years. Additionally, we found no evidence of any impending change or that wife's financial condition would be markedly different in three years. Such speculation was an abuse of the trial court's discretion. *Smith*, 840 S.W.2d at 277–78; *Burns v. Burns*, 829 S.W.2d 468, 469–70 (Mo. App.1992).

■ The court further erred in providing prospective termination of maintenance upon wife obtaining social security benefits or employment of at least 20 hours a week at minimum wage or higher. *Smith*, 840 S.W.2d at 277, citing *Hefti v. Hefti*, 682 S.W.2d 65, 67 (Mo.App.1984). The proper avenue for husband, if in the future either of these two events occurs or other circumstances change, would be to come to court and show the basis for a modification of maintenance under section 452.370, RSMo Supp.1993. *See Burns v. Burns*, 829 S.W.2d 468, 470 (Mo.App.1992).

We conclude that the trial court erred in awarding maintenance for three years with prospective termination upon the occurrence of either or two events.

■ In her fourth and final point on appeal, wife contends that the trial court erred in awarding merely $300 per month maintenance. Wife argues that this amount constitutes an abuse of discretion since the evidence showed that Clifford had "substantially more than $300 per month in excess income over expenses and since [she] was in need of more than $300 to meet her reasonable anticipated expenses given her physical disabilities." We disagree and affirm the award of $300 per month maintenance.

■ Section 452.335.2 states that the court shall award maintenance in an amount that it deems "just," but "does not require the court to award maintenance adequate to meet all of the needs of the spouse seeking the award even if the other spouse has sufficient resources to provide such support." *Bixler*, 810 S.W.2d at 100; *In re Marriage of Davis*, 821 S.W.2d 123 (Mo.App.1991).

In addition to being ordered to pay marital debts in the amount of $62,606, husband was ordered to continue providing health insurance on wife from the date of legal separation to the date of dissolution, to pay one-half of wife's attorney's fees and expenses of $2,226.28, and to pay wife $13,500 to equalize the distribution of marital assets. Wife was ordered to pay marital debts in the amount of $1,300.

■ Wife argues on appeal that husband attempted to hide net farm income during the time between the separation and the trial by various accounting maneuvers and by misstating income, and that the evidence would support an additional $393 a month in real farm income. Wife further argues that husband gave inconsistent statements as to his monthly expenses: At one point during the trial husband stated his expenses were $1,791 per month; another time he stated they were $2,127. Since husband's monthly income from the Kansas City Star was $2,502, this presented a discrepancy of $652 in monthly expenses. We are entitled to give greater weight to husband's testimony and evidence and consider that evidence in its best light in favor of the trial court's award. *Mehra*, 819 S.W.2d at 353.

Wife also argues on appeal that the amount of $300 in maintenance was insufficient to meet her reasonable anticipated expenses given her physical disabilities. Although she presented testimony and evidence at trial concerning her alleged inability to maintain full-time employment, the trial court found that it was unable to conclude the extent of her employment disability. In May, 1991, wife began employment at a McDonald's restaurant and earned $3,680 in that year. She earned $4,933 in the first nine months of 1992 before voluntarily terminating her employment. She did not seek additional employment. The evidence also showed that wife received monthly payments from various sources in total amounts varying from $388 to $548.

Further evidence which supports the $300 per month maintenance award was before the trial court. This includes: The eight-year duration of husband and wife's marriage; the fact that no children were born of the marriage; and the modest lifestyle of the parties during the marriage.

Wife failed to show the trial court abused its discretion in its award of $300 in monthly maintenance. *Bixler*, 810 S.W.2d at 100. We find that sufficient evidence was before the court to support its award of $300 per month.

Judgment affirmed, except provision limiting term of payment of maintenance. Cause is remanded for the entry of a new judgment, omitting the prospective termination of maintenance. The maintenance award will be modifiable. *See* Section 452.370.

All concur.