In re the MARRIAGE OF Keith Van
MYERS and Cherryl Ann Myers.

Keith Van Myers, Petitioner–Respondent,

and

Cherryl Ann Myers, Respondent–
Appellant.

No. 18986.

Missouri Court of Appeals,
Southern District,
Division Two.

July 7, 1994.

Bruce N. Secrist, Joplin, for petitioner-respondent.

Roger K. Fisher, Springfield, for respondent-appellant.

PREWITT, Judge.

Appellant appeals from a decree entered July 12, 1993, dissolving the parties' marriage. She contends that the trial court erred in not awarding her sufficient maintenance, making the award of maintenance "non-modifiable" and limiting maintenance to one year.

Review is under Rule 73.01. It requires that we affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *In re Marriage of Goostree*, 790 S.W.2d 266, 267 (Mo.App. 1990). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2); *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

The trial court has broad discretion in determining the amount and duration of maintenance pursuant to § 452.335, RSMo Supp.1993. *Test v. Test*, 872 S.W.2d 620, 623 (Mo.App.1994); *Rich v. Rich*, 871 S.W.2d 618, 622 (Mo.App.1994). If an appellate court determines that the trial court abused its discretion, it is obligated to enter the proper judgment. *Estes v. Estes*, 767 S.W.2d

370, 372 (Mo.App.1989); *In re Marriage of Runez*, 666 S.W.2d 430, 433 (Mo.App.1983). Where an appellate court increases maintenance it should be effective as of the date judgment was entered in the trial court. *Runez*, 666 S.W.2d at 434.

None of the property awarded to appellant appears to be income producing. Nor does the record indicate at the time of trial that appellant had income from employment or property. Respondent's monthly income exceeded $7,660 per month (1991: $91,939.71). Respondent was required to pay child support to appellant of $1,500 per month. Respondent was also ordered to pay appellant $400 per month as maintenance for twelve months.

Appellant filed a statement of income and expenses stating monthly expenses for herself and the parties' three minor children, totaling $3060. Respondent did not offer any evidence to contradict the expenses except to challenge several items on cross-examination. Respondent offered no evidence of his own living expenses. If the items questioned by appellant's counsel in cross-examination of appellant are eliminated, the remaining expenses approximate $2,400 a month.

Viewing the evidence in the light most favorable to the trial judge's finding, maintenance and child support fall $500 short of those expenses. An examination of the record convinces us that the amount awarded was insufficient maintenance and $900 per month should be the minimum. Compare *Estes*, 767 S.W.2d 370; *Runez*, 666 S.W.2d at 432–433; *Tygett v. Tygett*, 639 S.W.2d 282 (Mo.App.1982); *Bull v. Bull*, 634 S.W.2d 228 (Mo.App.1982); *In re Marriage of Sharp*, 630 S.W.2d 588 (Mo.App.1982); *In re Marriage of Pitluck*, 616 S.W.2d 861 (Mo.App.1981); *In re Marriage of Deatherage*, 595 S.W.2d 36 (Mo.App.1980); *In re Marriage of Morris*, 588 S.W.2d 39 (Mo.App.1979).

Limiting the duration of maintenance is justified only where there is substantial evidence of an impending change in the financial condition of the parties. *Test*, 872 S.W.2d at 623; *Rich*, 871 S.W.2d at 623. Because of the often speculative nature of the evidence required to limit the duration of

maintenance, maintenance of unlimited duration is preferred. See *Test* at 623.

 Limiting the duration of maintenance requires, at a minimum, there be substantial evidence to support a reasonable expectation that a change in the parties' financial situation will occur. *In re Marriage of Short,* 847 S.W.2d 158, 167 (Mo.App.1993). Absent evidence that the financial prospects of a party will improve in the future, no maintenance award for a limited duration should be entered; the award should be of unlimited duration, the amount subject to modification if such party's financial condition improves. *In re Marriage of Vinson,* 839 S.W.2d 38, 43 (Mo.App.1992).

 Appellant has a B.S. degree in Music Education. Her last full-time employment was as a teacher at Carl Junction in May 1980. During 1987 to 1989 she worked as a part-time teacher there. Apparently since that time she has done some substitute teaching. The record indicates that at the time of trial, April 8, 1993, a substitute teacher could earn $40 per day. However, the evidence does not establish how frequently appellant could expect to be utilized as a substitute. At the time of trial appellant had sought full-time employment at Carl Junction and indicated she would seek a full-time position in other school districts.

 Having a college degree and a teaching certificate does not prevent prospects for employment from being "purely speculative". *In re Marriage of Goodding,* 677 S.W.2d 332, 337 (Mo.App.1984). Appellant sought, but had not secured full-time employment. Although the evidence demonstrated her qualifications for such, there was no substantial evidence she could secure employment within a year. Recent decisions on somewhat similar facts have overturned limited duration maintenance awards. *See In re Marriage of Thomas,* 829 S.W.2d 491, 493 (Mo.App.1992); *Clark v. Clark,* 801 S.W.2d 95, 97 (Mo.App. 1990); *Goodding,* 677 S.W.2d at 337.

The judgment is modified to increase the award of maintenance to appellant to $900 per month with no fixed termination, to be modifiable according to law. The increased maintenance shall be effective as of July 12, 1993, the date judgment was entered in the trial court. In all other respects the judgment is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.