Lynn L. ALLEN, Appellant,

v.

Bobbie J. ALLEN, Respondent.

No. WD 53659.

Missouri Court of Appeals, Western District.

Feb. 3, 1998.

Richard A. Koehler, Butler, for appellant.

John Logan Pursley, Butler, for respondent.

Before ULRICH, C.J., and SMART, J., and TURNAGE, Senior Judge.

ULRICH, Chief Judge.

Lynn L. Allen (Husband) appeals the judgment of the trial court dissolving his marriage to Bobbie J. Allen (Wife). He claims that the trial court abused its discretion in (1) calculating the amount of child support payable by Wife, (2) awarding maintenance to Wife, and (3) ordering him to pay $5000 to Wife as part of the division of property. The judgment of the trial court is affirmed in part as modified and reversed in part. The case is remanded to the trial court for further findings.

## FACTS

Husband and Wife were married June 15, 1980. Both had been previously married and had children from the prior marriages. In September 1992, Husband and Wife adopted two of Husband's grandchildren, Aaron, born May 14, 1986, and Ashley, born June 10, 1987.

During the marriage, the roles of Husband and Wife were fairly traditional. Generally, Husband was the wage earner, and Wife stayed home with the children. Husband first worked at Peerless in Ft. Scott, Kansas, and then at Ward Rebuilt in Fairfax, Kansas. Wife was employed outside of the home for a few months as a cake decorator. She started work as a part-time grocery store cashier after the separation.

Shortly after the children were adopted, Husband and Wife began experiencing problems. Wife attempted suicide in September 1994. As a result of the suicide attempt, Wife received therapy and medication that continued through the dissolution.

Husband and Wife separated on July 5, 1996. Thereafter, Husband withdrew $11,-000 from the couple's checking and savings accounts.[1] He then filed a petition for dissolution of marriage on August 5, 1996, asking the trial court to dissolve his marriage to Wife, award custody of the two minor children to him, order Wife to pay child support, and divide the marital property and debt. Wife filed a counter-claim on August 13, 1996, requesting the trial court to award her maintenance and attorney's fees.

During trial, Wife submitted a completed Form 14, and both parties introduced exhibits listing the marital property, their opinions of the property's value, and their respective incomes and expenses. Wife also filed exhibits relating to her attorney's fees, medical expenses, and psychiatric therapy.

The trial court issued its judgment and decree of dissolution of marriage on October 30, 1996. In its judgment, the trial court dissolved the parties' marriage, divided the marital property and debt and ordered Husband to pay $5000 to Wife, awarded custody of the children to Husband with reasonable visitation to Wife, ordered Wife to pay $187 per month in child support, and ordered Husband to pay Wife maintenance of $400 per month. Husband was also ordered to pay Wife's attorney's fees of $1000. This appeal followed.

## STANDARD OF REVIEW

In a dissolution action, the judgment of the trial court must be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 818 (Mo. banc 1984); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The party challenging a dissolution

decree bears the burden of demonstrating error. *Crews v. Crews*, 949 S.W.2d 659, 663 (Mo.App.1997).

■ A child support provision in a dissolution decree will be upheld unless the trial court abused its discretion or erroneously applied the law. *Id.* at 664. The trial court's award of child support will not be disturbed on appeal "unless the evidence is 'palpably insufficient' to support it." *Id.* (quoting *Elliott v. Elliott*, 920 S.W.2d 570, 575 (Mo.App. 1996)).

■ The trial court also has broad discretion in ordering maintenance and dividing marital property. *Crews*, 949 S.W.2d at 663. In reviewing maintenance orders, "[t]he evidence is viewed favorable to the decree, disregarding evidence to the contrary and deferring to the trial court even if the evidence could support a different conclusion." *Id.* (quoting *Allen v. Allen*, 927 S.W.2d 881, 885 (Mo.App.1996)). An appellate court will not interfere with an award of maintenance unless it is "patently unwarranted or is wholly beyond the means of the spouse who pays maintenance." *Allen v. Allen*, 927 S.W.2d 881, 885 (Mo.App.1996). A trial court's division of marital property will only be disturbed on appeal if it is so "heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Crews*, 949 S.W.2d at 663 (quoting *Dodson v. Dodson*, 904 S.W.2d 3, 6 (Mo.App.1995)).

## I. CHILD SUPPORT

Husband's first point on appeal concerns the trial court's calculation of child support. He claims that the court abused its discretion when it deviated from the presumed correct child support amount calculated pursuant to Rule 88.01 utilizing Form 14 without a finding that the presumed amount was unjust or inappropriate.

■ Initially, Wife argues that Husband has waived any complaint he has with the trial court's award of child support because he failed to file a Form 14 with the court.

1. The sum included the remainder of a $10,000 settlement Husband received in June 1996 for a work-related injury.

Husband contends that he disputes only the trial court's deviation from the presumed amount, not the calculations in Wife's Form 14 including the presumed child support amount. He contends, therefore, that he was not required to file his own Form 14. Husband's contention is correct. If the parties agree upon the amounts to be used in completing a Form 14, only one form need be submitted. *Luker v. Luker,* 861 S.W.2d 195, 199 (Mo.App.1993). One party's failure to file a Form 14, therefore, acknowledges agreement with the Form 14 filed by the other spouse. Because Husband disputes the trial court's deviation from the presumed child support amount, he did not waive the issue on appeal by failing to file a Form 14.

Rule 88.01 and section 452.340 [2] establish the procedure for determining child support. *Woolridge v. Woolridge,* 915 S.W.2d 372, 375 (Mo.App.1996). First, the trial court is required to determine and find for the record the presumed correct child support amount pursuant to a correct Form 14 calculation. *Id.* at 379. A rebuttable presumption exists that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded. **Rule 88.01;** § 452.340.8. The use of Form 14 in calculating child support is mandatory and insures that the child support guidelines will be considered in every case as mandated in section 452.340.7 and Rule 88.01. *Woolridge,* 915 S.W.2d at 378–379.

■ Next, the trial court is required to consider whether to rebut the presumed correct child support amount as being unjust or inappropriate after consideration of all relevant factors. Rule 88.01; § 452.340.8; *Woolridge,* 915 S.W.2d at 379. If the trial court decides to rebut the presumed child support amount after consideration of all relevant factors, it is explicitly required by Rule 88.01 to enter a written finding or a specific finding on the record that the calculated amount is unjust or inappropriate. **Rule 88.01.**

In this case, the trial court, without explanation, set Wife's monthly child support obligation at $187. It found for the record that Husband's monthly income was $2283 and Wife's monthly income was $749. It also found that Husband received a social security payment for the children of $316 per month. It then computed combined child support costs to be $1067, which included work-related child care costs and health insurance costs for the children. The trial court, however, failed to determine on the record the presumed correct child support amount for Wife,[3] or the rebuttal of the presumed correct amount after consideration of all relevant factors.

Wife argues that the trial court determined the presumed child support amount as calculated on her Form 14 was unjust and inappropriate in that Husband received $316 in social security benefits on behalf of the children. She contends, therefore, that the court credited her presumed support obligation for that part of the social security benefits proportionate to her share of the combined income. While such a computation results in a child support obligation of $187 per month, no findings on the record by the trial court exist that such determinations were made. *See Woolridge,* 915 S.W.2d at 377 (although respondent asserted in her brief that both parties were advised of the court's reasons for a deviation from the presumed child support amount, the reasons were never articulated in the record).

Without an adequate record in this case regarding the presumed child support amount or a determination that the presumed amount is unjust or inappropriate, meaningful appellate review is impossible. *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo. banc 1997); *Woolridge,* 915 S.W.2d at 380. The judgment of the trial court, therefore, is reversed, and the case is remanded to the court to determine for the record, pursuant to *Woolridge,* the presumed child support amount and, then, if the presumed amount is inappropriate, to make a proper record of the

---

2. All statutory references are to RSMo 1994 unless otherwise indicated.

3. Although the court's calculations closely coincided with Wife's Form 14, the figures were not

exact. No explanation exists in the record for the discrepancies, and whether the court accepted Wife's Form 14 is unclear.

reason the presumed correct child support amount should be rebutted. *Neal,* 941 S.W.2d at 504.

## II. MAINTENANCE

■ In his second point on appeal, Husband claims that the trial court abused its discretion in awarding Wife maintenance of $400 per month until she remarries or is earning (or is capable of earning) $1400 per month. He argues that the trial court failed to make the requisite findings under section 452.335.1 to award maintenance. He also contends that the court failed to consider his financial resources or Wife's affirmative duty to seek employment in setting the amount and duration of maintenance.

Section 452.335.1 provides that the trial court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, and (2) is unable to support himself through appropriate employment. § 452.335.1. Once the trial court determines that a maintenance award is necessary, it must set the amount and the duration of the award after consideration of all relevant factors found in section 452.335.2. § 452.335.2. The factors relevant in setting an amount and duration of maintenance include:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . .;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage;

(10) Any other relevant factors.

§ 452.335.2.

The trial court did not abuse its discretion in awarding Wife maintenance in this case. The court found that Wife possessed no liquid assets of significance. Wife was awarded no income-producing property. Thus, Wife lacked sufficient property to provide for her reasonable needs. The trial court also determined that Wife suffered from depression and was, therefore, unable to earn income sufficient to support herself. The record reflects that at the time of the dissolution proceeding, Wife was employed as a grocery store cashier, working approximately 32 hours a week for $5.25 an hour.

Husband earns a monthly income of $2283. He receives $316 per month in social security benefits on behalf of the children. Despite his income, Husband contends that he is unable to satisfy his and his children's needs while paying the maintenance award. Although he offered evidence at trial that his monthly expenses exceeded his monthly income, the trial court was free to disbelieve Husband's calculated expenses. *See Hernandez v. Hernandez,* 872 S.W.2d 161, 165 (Mo.App.1994)(where husband who claimed maintenance amount exceeded his ability to pay, trial court was free to disbelieve his calculation of expenses).

Husband also argues that the court ignored Wife's affirmative duty to seek adequate employment to become self-supporting. He claims she could have obtained a job as a cake decorator, earning $6 to $8 an hour. Evidence at trial revealed that Wife only worked a few months of the 15–year marriage as a cake decorator. The argument that she could obtain such employment earning such a wage is speculation considering the evidence. The trial court specifically found that Wife suffered from depression, for which she received therapy and medication, that hindered her ability to support herself.

Considering all relevant factors, the trial court's maintenance award of $400 per month was not an abuse of discretion.

The trial court, however, abused its discretion in providing prospective termination of maintenance upon Wife earning (or being capable of earning) $1400 per month. A decision to limit maintenance is justified only where substantial evidence exists of an impending change in financial condition of the parties. *Hicks v. Hicks*, 859 S.W.2d 842, 847 (Mo.App.1993). Substantial evidence must exist supporting a reasonable expectation that such a change will occur. *Id.* Maintenance should not be prospectively terminated if no evidence was presented or no reasonable expectation can be made that the circumstances of the parties will be markedly different in the future. *Id.* "Because of the justification required for maintenance awards of limited duration, the judicial preference is for awards of maintenance of unlimited duration." *Test v. Test*, 872 S.W.2d 620, 623 (Mo.App.1994)(quoting *Smith v. Smith*, 840 S.W.2d 276, 277 (Mo.App.1992)).

No evidence was offered supporting a reasonable expectation that Wife will become self-supporting in the foreseeable future. Similarly, no evidence was presented of an impending change in Wife's financial condition. Speculation that Wife's future financial prospects or her earning $1400 per month would suffice to satisfy her needs is an abuse of discretion. *Burns v. Burns*, 829 S.W.2d 468, 470 (Mo.App.1992). If in the future Wife's income satisfies her financial needs Husband can initiate a proceeding to modify the maintenance award under section 452.370, RSMo 1994. *Test*, 872 S.W.2d at 624. The order that should have been entered at the trial court is, therefore, entered here. *Burns*, 829 S.W.2d at 470. Husband shall continue to pay Wife $400 per month as maintenance.

### III. $5000 MONEY JUDGMENT

In Husband's final point on appeal, he claims the trial court abused its discretion in ordering him to pay Wife $5000 as part of the marital property distribution. He argues that the trial court's findings did not support the award to Wife.

Section 452.330 requires a court to "divide the marital property in such proportions as the court deems just after considering all relevant factors." Equal division of property is not required, but the division should be equitable and allocated according to the factors enumerated in section 452.330.1. *Carter v. Carter*, 940 S.W.2d 12, 16 (Mo.App.1997). A court can order a cash award to effect a just division of marital property. *Reeves v. Reeves*, 904 S.W.2d 412, 413 (Mo.App.1995). Relevant factors for consideration include the economic circumstances of each spouse and the conduct of the parties during the marriage. § 452.330.1(1) & (4). Marital misconduct is a factor relevant in property division where the offending spouse's conduct places extra burdens on the other spouse. *Carter*, 940 S.W.2d at 16.

The court found that Husband had withdrawn $11,000 from the couple's joint bank accounts when they separated and that Wife was left without liquid assets. It then awarded Husband marital property with a value of $32,602 and Wife property with a value of $32,525 plus the $5000 cash award. Husband received 46% of the marital property, and Wife received 54%. The trial court's division of property, including the $5000 award to Wife, was not so unduly weighted in favor of Wife as to amount to an abuse of discretion. Point three is denied.

The judgment as to child support is reversed, and the case is remanded to the court for further findings consistent with this opinion.

The judgment as to maintenance is affirmed and modified as follows: It is ordered, adjudged, and decreed by the Court that Petitioner, Lynn L. Allen, shall pay maintenance of $400 per month to Bobbie J. Allen.

The money judgment is affirmed.

All concur.